O’NIELL, Chief Justice.
 

 This is an appeal from an order allowing the wife alimony pendente lite in a suit for separation from bed and board.
 

 In the same order the judge gave to the wife the temporary care and custody of the three children of the marriage. He allowed her $450 per month for herself and the children, and an additional $100 per month for the two elder children. The husband is appealing from the order, claiming that the award of $550 per month should be reduced to $325 per month. The wife has answered the appeal, asking for an increase of the amount to $800 per month.
 

 Article 148 of the 'Civil Code provides that in a suit for separation from bed and board or for divorce the judge shall allow the wife for her support a sum' in proportion to her needs and to the means of her husband. In Butterworth v. Butterworth, 1943, 203 La. 465, 14 So.2d 59, it is recognized that the needs of the wife and children and the income of the husband are the decisive factors in fixing the amount of alimony to be allowed pendente lite.
 

 The only question therefore is whether the allowance of $550 per month
 
 *962
 
 is fair to both parties, or is either excessive or insufficient.
 

 Although the defendant, husband, was ordered by the court to produce his income tax returns and any other documents that might show the amount of his income we find no such document in the record. As a witness, on cross-examination, the husband testified that his income for 1944 was $3,400, — perhaps meaning net income, — that the gross income for 1945 was $14,000, and that for 1946 the gross income would be approximately the same. On the other hand the wife testified that her husband’s income for 1945 was $36,000. Her only source of information, however, was the statement of the auditor of his company. No objection was made to this evidence as being hearsay. Perhaps the reason why there was no such objection was that the information given to the wife by the auditor was the only information available to her on the subject. It is apparent that, as far as the ability of the husband to pay alimony to his wife and three children during the pendency of the suit is concerned, the evidence is very meager. There is nothing in it that would justify our increasing or reducing the amount allowed by the judge of the district court.
 

 As to the needs of the wife and children the evidence is sufficient to justify the amount allowed them, though not sufficient to warrant our increasing the amount. The eldest of the three children, a young lady of 19 years, is attending a private school in the East. Her expenses for tuition and board are being paid for by her father under an agreement with his wife and are not included in the $550 alimony allowed by the judge. The cost of her clothing and incidental expenses is borne by her mother out of the $550 a month alimony. The second child, a girl of 17 years, is attending a parochial school in New Orleans. The cost of her tuition and of one meal a day at the school is being paid by her father under a similar agreement with her mother and is not included in the monthly allowance of $550. The third child, a boy only two years of age, lives with his mother and under the care of a nurse.
 

 The wife and two younger children live in the family home, in what is called the Garden Disirict, in New Orleans. She has no rent to pay, but the cost of maintaining the residence is considerable because it is a large building, requiring another household servant besides the nurse, and is situated on a large lot, requiring the services of a gardener. The family occupies a high social position in New Orleans, belonging to some of the most fashionable clubs. The husband complains that there is extravagance on the part of the wife in that respect; but a sufficient answer to the complaint is that he approved of whatever extravagance there was before the institution of this suit and there has been much less unnecessarj' spending of money since the suit was instituted.
 

 
 *964
 
 Summing up the evidence in the case, and having in mind that the amount of alimony to be allowed pendente lite in a suit for separation from bed and board or for divorce remains always subject to reconsideration and change by the judge of the district court, we find no reason for allowing either a reduction or an increase of the amount allowed in this case.
 

 The judgment or order for the payment of alimony is affirmed at the cost of the appellant.