BOLIN, Judge.
Plaintiff instituted suit against her husband for separation from bed and board. In connection therewith she was awarded the temporary care, custody and control of the seven-year-old boy, issue of the marriage, and a judgment for alimony pen-dente lite for herself and minor child totaling $561 per month. Defendant appeals seeking reduction in the award of alimony pendente lite.
The rule was tried on December 12, 1963. For that portion of the calendar year defendant testified he had a gross income of $14,482.68, and expenses approximating $4,000. For the previous year, 1962, he admitted a net income of approximately $22,000.
Plaintiff and her child lived in the family home upon which was a large mortgage. It is undisputed the payments under this mortgage were $121.22 per month and that at the time of the trial the payments were approximately five months in arrears.
Defendant testified he was willing to pay all his income, except what it would take for him to live, for the support of his wife and their minor child. He estimated he could live on $150 per month since he was living with his mother and his expenses were very low.
Although the district judge did not assign written reasons for his judgment, his brief oral remarks were incorporated in the transcript of evidence. After restating the amount of the net income of the husband from January 1, 1963, until the time of the trial and observing that the income for the year was depressed as related to defendant’s past income, he concluded a monthly award of $561 alimony pending suit would be fair. In arriving at such figure he undoubtedly took into consideration the wife would have to pay the monthly installments on the house and also arrange to make the past-due payments.
LSA-Civil Code, Article 148 provides:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
We see no necessity for a detailed analysis of the testimony. Suffice it to say we have examined the evidence and find the award of the lower court is neither excessive, as it relates to the needs of the wife and child, nor out of proportion to the means of the husband. In this type case the trial judge is vested with much discretion. Alimony pendente lite is by its very definition a temporary award. If the situation changes materially either party has a right to bring appropriate proceedings in order to have the amount reduced or increased.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.