BOLIN, Judge.
Eileen Graham Cordaro, having been granted a separation from bed and board from her husband, custody of the one child of the marriage and $75 per month for child support, now appeals from that portion of the lower court’s judgment denying her alimony pendente lite.
Evidence adduced at the trial reveals the Cordaros were married in March of 1963. For a period of approximately two months they lived in the home of Mrs. Cordaro’s mother after which time defendant moved away and has not returned. From the date of the marriage until suit was filed, defendant spent most of his time attending Louisiana Tech, was unemployed, and able to contribute only a nominal amount for the support of his wife. Plaintiff, on the other hand, worked for a period of time before the birth of the child. She is presently unemployed and she and the child continue to live with her mother, who is a widow.
In addition to the $75 per month child support, plaintiff seeks for herself $150 per month alimony. She claims she must find an apartment away from her mother and needs specified amounts for rent, clothing, food and other necessities, including care of her car which she purchased prior to the marriage.
Defendant admitted he had been employed in New Orleans for one month prior to trial with a net income of $409.57 per month. He itemized a list of monthly expenses totaling $334.02, and contended there remained only $75.55 for the payment of any support order.
The only issue presented by this appeal is the correctness of the lower court’s ruling rejecting plaintiff’s request for alimony. Although the lower court assigned no writ *888 ten reasons for its ruling, reasons therefor may be deduced from informal oral remarks made at termination of trial. He expressed no doubts concerning the right of Mrs. Cordaro to a decree of separation as well as her entitlement to custody of the child and child support. However, he did express doubt concerning Mr. Cordaro’s obligation to support his wife in view of the fact he was contributing nothing to her support prior to or after the separation in fact.
It is agreed by both parties the issue here is governed by LSA-C.C. Art. 148, providing :
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
In appellee’s original brief he contends the lower court was justified in refusing the wife alimony pendente lite because there was no community property upon which the wife could draw during the pendency of the suit. The cases cited by appellee do hold that alimony pendente lite paid to the wife may be charged to her share of the community upon final dissolution of the marriage. The converse of this rule is not shown to be true, i. e., that the lack of community property hampers the court in awarding alimony pendente lite for the support of the wife during pendency of suit. LSA-Civil Code Article 148 does not specify the source from which the award to the wife is to be obtained.
Appellee further contends the awarding of alimony under LSA-Civil Code Article 148 rests within the discretion of the trial judge, and his ruling should not be disturbed on appeal unless it be shown he acted arbitrarily in the matter. In support of this argument we have been cited to Grimes v. Posecai, 175 La. 1, 142 So. 703 (1932). Our study of the cited case, as well as subsequent cases referring to the Grimes case, convinces us the discretion adverted to relates only to the amount of the award. We are strengthened in this conclusion by the language in the later cases cited herein upon which our ultimate decision will rest.
There can be no question but that the marriage of these parties is not dissolved until a final divorce is granted. Therefore, prior to the dissolution of the marriage by death or divorce, the right of the wife to alimony is governed by LSA-C.C. Art. 148, and the jurisprudence interpreting that article. See Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954); Shapiro v. Shapiro (La.App. 4 Cir., 1962), 141 So.2d 448.
In the case of Smith v. Smith, 217 La. 246, 47 So.2d 32 (1950) the Supreme Court pointed out the difference between the provisions of LSA-C.C. Art. 148 and those of LSA-C.C. Art. 160, the latter being controlling on the question of alimony consequent upon divorce. The court stated:
“There is a marked distinction between the objects and the purposes of the two articles as pointed out in the case of Player v. Player, 162 La. 229, 110 So. 332, and it is in looking to the object of each that we come to appreciate the distinction between the words ‘income’ and ‘means’ as used in the respective articles.
“Article 148 has for its purpose the enforcement of the husband's obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient income for her maintenance, the judge shall allow *889 her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. It is to be noted here that both her needs and the means of the husband are to be taken into consideration in determining the sum to be allowed.” (Emphasis by Supreme Court.)
In Fruehan v. Fruehan (La.App. 1 Cir., 1963), 153 So.2d 75, the court had before it the question of continuing, as permanent alimony, an earlier award of alimony pen-dente lite of $270 per month. After stating that the provisions of LSA-C.C. Art. 160 are clearly distinguishable from those of LSA-C.C. Art. 148, the court continued:
“It will be readily observed the cited articles differ in that the former is mandatory in its terms while the latter is permissive inasmuch as its provisions are made applicable in the discretion of the court. Secondly, Article 148 expressly provides alimony is due the wife who is without ‘sufficient income for her maintenance’, the amount thereof being ‘proportioned to her needs and to the means of her husband.’ Under this article the wife is clearly entitled to support from her husband if her income is insufficient to provide for her needs. The rationale of Article 148 has been held to be judicial enforcement of the husband’s obligation to support the wife during the existence of the marriage. Smith v. Smith, 217 La. 646, 47 So.2d 32. * * *«
We think plaintiff’s uncontradicted testimony that she is presently unemployed and without any income is adequate basis for a conclusion that she has need for some income to pay for the necessaries of life. Taking cognizance of the fact that plaintiff has always resided with her mother, who is a widow and evidently owns her own home, and the further fact that the $75 awarded for support of the child will take care of the needs of the child, we believe an award of $50 per month alimony for the plaintiff’s personal support will be adequate. This, of course, takes into consideration the fact defendant has just commenced earning a regular income, will not be living at home, and will need a great many things which a person already working and established would not have to purchase.
For the reasons assigned the judgment appealed from is affirmed insofar as it relates to the custody and support of the child. Insofar as it denied plaintiff alimony, it is reversed and said judgment is amended so as to award plaintiff the sum of $50 per month for her own support, or a total of $125 per month support of the wife and child. Defendant is cast with all costs.
Affirmed in part, and reversed in part.