SAMUEL, Judge.
Plaintiff filed this suit against her husband for a separation from bed and board. She also filed a rule for alimony pendente lite for the support of herself and the one child she alleges was born of her marriage to the defendant. There was judgment on the rule awarding plaintiff alimony pendente lite “for her support” in the sum of $150 per month. Subsequently, defendant filed a rule to rescind and set aside that judgment on the ground that plaintiff had obtained employment and was self supporting. After a hearing thereon, judgment was rendered denying and dismissing the rule to rescind and set aside the prior alimony decree. The defendant has ap *856 pealed devolutively from that second judgment.
Defendant has been a Pullman porter for more than forty years and continues to work in that position. He owns seven pieces of residential property which he rents. I-Iis average salary, based on amounts actually received during a three month period, plus the average tips he admits receiving, appears to be approximately $382 per month, from which should be deducted some expenses which he testifies are incidental to his work. His gross income from rents being received at the time of trial was slightly in excess of $300 per month from which must be deducted various expenses such as maintenance, repairs, interest on mortgage notes, taxes, insurance, water bills and sewerage bills. Unfortunately, the record fails to disclose an itemization, or even a total, of the expenses incurred in connection with either the work or the property. The defendant did testify that his expenses amounted to ‘‘$485.42 a month or more” but we are unable to ascertain what these expenses have reference to, whether they are connected with his job, his property, his living costs or any combination thereof.
Plaintiff was not employed at the time the first rule for alimony was heard. At the time of the second rule to rescind the judgment rendered on the first, she was employed as a school teacher with a net monthly income of between $272 and $279. She lives with her three children. The eldest two are children of a prior marriage and there is an alimony judgment condemning the father of those children to pay $14 per week for their support. Her petition alleges that the youngest child was born of her marriage to the defendant, an allegation denied in the defendant’s answer which avers that the child was born more than a year prior to the date of the marriage between the litigants. No proof has been offered of the date of the marriage or of the date of the youngest child’s birth.
The record is devoid of any evidence relative to the needs and requirements of anyone other than the plaintiff. She testified that the needs and requirements for herself alone amount to the sum of $437.58' per month. That total is made up of various amounts for clothing, food, utilities, rent, laundry, car repairs, insurance,, medical and dental care, newspapers, recreation, and payments due for an encyclopedia and to loan companies and furniture and appliance stores. The itemization includes what appears to be a $40 duplication for food, $24.04 for insurance, $30 for recreation, $59 to loan companies, $78.50 to-furniture and appliance stores, and dental bills of $30. No explanation is given as to any of the items. The insurance involves several policies but we are not furnished with the name of any insured nor, except in one instance in which the insurance is referred to as “hospitalization”, do we know the type of insurance. We are unable tee ascertain when the loans and purchases, were made or for what purpose, and there is no indication as to what articles were purchased. The monthly amounts of $30 each for recreation and dental care appear to be high. In fact, from the record as it now stands, the total of $437.58 plaintiff says she needs each month appears to be excessive.
The authority for allowing alimony pendente lite to the wife is found in LSA-Civil Code, Article 148, which reads as follows:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.” LSA-C.C. Art. 148.
In making an award of alimony pendente lite the court must take into consideration the needs of the wife and chil *857 dren, if any, and the husband’s means. The actual needs for the maintenance and support of the wife must first be ascertained. If the amount needed is proportionate to the husband’s means of making payment, that amount should be awarded. If those needs exceed the husband’s ability to pay, alimony pendente lite should be fixed in a sum which will as nearly as possible be just and fair to all parties involved. Reichert v. Lloveras, 188 La. 447, 177 So. 569; Turner v. Turner, La.App., 174 So.2d 227, handed down this day.
Alimony pendente lite being a judicial enforcement of the husband’s obligation to support his wife during the existence of the marriage, where justified by the facts (and each case is dependent upon its own facts), the wife is entitled to such alimony in an amount sufficient to maintain her in a style comparable to that which she enjoyed prior to her separation from her husband by reason of his means and position. Schneider v. Schneider, 211 La. 959, 31 So.2d 176; Abrams v. Rosenthal, 153 La. 459, 96 So. 32; Reichert v. Lloveras, supra.
 Where the wife, who is a litigant in a suit for separation from bed and board, has no income of her own, she is not required to obtain employment in order to support herself; the law imposes the obligation of support upon the husband. But if she does choose to earn her own living, or a part thereof, she thereby takes herself out of the provisions of Article 148 to the extent of her earnings. Bilello v. Bilello, 240 La. 158, 121 So.2d 728; Abrams v. Rosenthal, supra.
 From the record before us we are unable to determine the actual needs of the wife or the means of the husband. Therefore we cannot answer the question raised by this appeal, i. e., whether the wife’s earnings are such as to require either a decrease in the amount of alimony awarded in the prior judgment or the rescinding and setting aside of that prior judgment in its entirety. We appreciate the position of the trial judge, who is dependent upon the litigants to present the evidence which makes up the record. And we are aware of some of the many difficulties frequently encountered by counsel in making the presentation. But we must conclude that the only course open to us is to remand the matter for another hearing. No serious harm can result from the added delay in view of the fact that payment of alimony pendente lite must continue under the first judgment until the question of reducing or rescinding and setting aside that first judgment is determined after the hearing on remand.
For the reasons assigned, the judgment appealed from is set aside and the matter is remanded for another hearing in accordance with law and with the views herein expressed; all costs to await a final determination.
Set aside and remanded.