SAMUEL, Judge.
Plaintiff filed this suit against his wife for a separation from bed and board. His petition prays that the defendant be awarded the care, custody and control of the one child born of the marriage, a 7 year old girl, and that he be ordered to pay the sum of $45 per week for the maintenance and support of defendant and the child. Defendant answered, reconvened for a separation from bed and board and filed a rule ordering plaintiff to show cause why he should not be condemned to pay alimony during the pendency of the suit in an amount fixed by the court. After a hearing on the rule there was judgment condemning plaintiff to pay alimony pendente lite in the sum of $45 per week for the support of defendant and the child. Defendant has appealed from that judgment. She contends the amount awarded is inadequate and prays that it be increased.
Plaintiff lives alone in the City of New Orleans. He is a truck driver earning an *228 average net wage, after tax and business deductions, of $160.52 per week. He has no other income. According to his testimony, his average weekly needs and requirements amount to $100.60. With the exception of less than $1 per week, which is spent on new uniforms, it appears that this total amount of $100.60 includes only living expenses and is not connected with, nor is it an expense of, the work which produces his income. The defendant resides with her minor child in Independence, Louisiana. She is not employed and has no income or means of support. According to her testimony, the needs and requirements of herself and the child amount to $83.07 per week. The testimony of both litigants is entirely uncontradicted and we accept the same as true, as apparently did the trial court. Obviously, as is all too often the case, the total weekly expenses of both households cannot be paid out of the income available.
Parents, particularly the husband as in the instant case, have the obligation of supporting, maintaining and educating their children (LSA-C.C. Art. 227). Authority for allowing alimony pendente lite to the wife is found in LSA-Civil Code, Article 148, which reads as follows:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.” LSA-C.C. Art. 148.
Thus, in making an award of alimony pendente lite, the court must take into consideration the needs of the wife and children, if any, and the husband’s means. Where the income is insufficient to properly maintain two households a change in the standard of living on the part of both husband and wife may become inevitable. The needs and requirements of one must be balanced against the other and alimony pendente lite should be fixed in a sum which, as nearly as possible, is just and fair to both. In Reichert v. Lloveras, 188 La. 447, 451, 177 So. 569, 570, the court said:
“The amount which the husband must contribute is usually, as here, subject to serious controversy between the parties. In order to arrive as nearly as possible at the correct amount, courts must first ascertain not what the wife wants, but what she needs for her maintenance and support during the pendency of the suit. If the amount she needs is proportionate to the husband’s means of payment, that amount should be awarded. If, however, the wife’s needs exceed the husband’s ability to pay, the courts must fix a monthly sum which will as nearly as possible be just and fair to each.”
In the instant case plaintiff has been condemned to pay less than cne-third of his income. This, in itself, is not important since percentage is not the test. What is important is that, after paying the weekly alimony of $45, there is a sufficient amount of income left to the plaintiff so that he can continue to maintain his same standard of living and have a few dollars ($15) left over while his wife must attempt to maintain and support herself and their child on $45, only slightly more than one-half of their needs and requirements which amount to $83.07. This is not just and fair to both litigants; the defendant is entitled to a larger amount. She has asked this court to increase the alimony to $60 per week, a request we consider reasonable and fair, especially in view of the fact that, even after paying the full $60, plaintiff will continue to retain the sum of $100 per week, the amount he says is necessary to maintain his present standard of living. Accordingly, such an increase will be awarded.
We are always reluctant to change a trial court allowance of alimony pendente *229 lite because this is a matter primarily within the trial judge’s discretion and he has continuing control over the allowance of alimony. But, as the court said in Shipp v. Shipp, 180 La. 881, 884, 158 So. 5, 6, we do so knowing that, on a sufficient showing, the district judge may change the allowance at any time.
For the reasons assigned, the judgment appealed from is amended so as to increase the award of alimony pendente lite from the sum of $45 per week to the sum of $60 per week. As thus amended, and in every other respect, the judgment appealed from is affirmed; costs of this appeal to be paid by the plaintiff-appellee.
Amended and affirmed.