SAMUEL, Judge.
Plaintiff filed this suit against his wife for a separation from bed and board on the grounds of cruel treatment. There was no issue of the marriage and while the suit was pending defendant obtained a judgment awarding her alimony pendente lite in the amount of $20 per week. Subsequently, plaintiff obtained a judgment of separation, by default, on the grounds set out in his petition and the litigants entered into a settlement of the community property by which the defendant received the sum of $3,015.
Several months later, as a result of various rules filed by both parties, there was judgment awarding defendant alimony at the increased rate of $30 per week and an executory judgment in the sum of $300 for accrued alimony. Plaintiff has perfected this appeal from that judgment. In this court he seeks: (1) a reversal based on the contention that after the rendition of a judgment of separation from bed and board a wife who has been found to be at fault is not entitled to collect alimony; (2) alternatively, a reduction of the amount awarded because the defendant has failed to show her needs; and (3) also alternatively, that alimony payments should be made bimonthly in keeping with the manner in which plaintiff’s salary is paid.
Appellant’s first contention is not correct. The settled jurisprudence of the Supreme Court of Louisiana is that, following a judicial separation and until a judgment of divorce has been rendered, the wife is entitled to alimony pendente lite under LSA-C.C. Art. 148 regardless of which spouse was at fault. Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157; Hillard v. Hillard, 225 La. 507, 73 So.2d 442; Anzalone *440 v. Anzalone, 182 La. 234, 161 So. 594; see also Shapiro v. Shapiro, La.App., 141 So.2d 448. While we disagree with that jurisprudence (see the dissent in Hillard v. Hillard, supra), we are bound thereby.
We are in agreement with appellant’s second contention. LSA-Civil Code, Article 148 provides that where the wife does not have a sufficient income for her maintenance pending the suit, she shall be awarded for her support a sum “proportioned to her needs and to the means of her husband”. We discussed the applicable law in Small v. Small, handed down April 5, 1965, La.App., 173 So.2d 854, 856, as follows:
“In making an award of alimony pendente lite the court must take into consideration the needs of the wife and children, if any, and the husband’s means. The actual needs for the maintenance and support of the wife must first be ascertained. If the amount needed is proportionate to the husband’s means of making payment, that amount should be awarded. If those needs exceed the husband’s ability to pay, alimony pendente lite should be fixed in a sum which will as nearly as possible be just and fair to all parties involved.”
The usual basis for an award of alimony pendente lite was stated in Abrams v. Rosenthal, 153 La. 459, 467, 96 So. 32, 34, as follows:
“While there is no arbitrary rule by which alimony pendente lite is fixed by the courts, the usual basis upon which the award is made, where no exceptional features are presented, is one-third of the husband’s income.”
In the instant case defendant’s possession of $3,015, the sum received by her in the community property settlement, does not give plaintiff the right to refuse to pay alimony for her maintenance and support; she need not make use of or deplete all of her capital before she can be considered as being in need. Shapiro v. Shapiro, supra. The evidence does show she has no income of any kind. But the record is devoid of any evidence relative to her needs. Under these facts, the alimony involved being for the wife alone and there being no showing of exceptional features or circumstances, we are of the opinion that the alimony should be limited to one-third of the plaintiff’s income.
The alimony awarded, $30 per week, exceeds that one-third. Plaintiff’s income consists solely of his salary as a janitor in the public school system. He is paid bimonthly and his bimonthly net income for alimony purposes, in round figures, is $129 which amount he receives on the 15th and 29th of each month. Plaintiff’s request that the alimony payments be made to become due in accordance with the manner in which he receives his salary is reasonable. Accordingly, we will set the alimony which he must pay at one-third of $129, or the sum of $43, on the 16th and 30th of each month.
For the reasons assigned, the judgment appealed from is amended so as to decrease the amount of alimony plaintiff is condemned to pay from $30 per week to $43 bimonthly, i. e., $43 on the 16th and 30th of each month. As thus amended, and in all other respects, the judgment appealed from is affirmed; each litigant to pay his or her own costs.
Amended and affirmed.