CULPEPPER, Judge
(dissenting).
Great discretion is vested in the trial judge as to the amount of alimony pendente lite. His award should not be disturbed on appeal unless the record shows clearly that he has improperly exercised this discretion. Rader v. Rader, La.App., 126 So.2d 189; Russ v. Russ, La.App., 126 So.2d 854; Turner v. Agnello, La.App., 174 So.2d 227.
Despite this established rule of appellate review, the majority has reduced from $700 to $550 per month the alimony awarded for the support of Mrs. Choate and her two teen-age daughters. I cannot agree that this is justified by the record.
Our law allows the wife alimony during the pendency of separation or divorce proceedings in an amount sufficient to support her in a style comparable to that enjoyed before the separation; and proportioned to her needs and the means of her husband. LSA-C.C. Article 148; Scott v. Scott, La.App., 174 So.2d 193; Small v. Small, La.App., 173 So.2d 854.
In the present case the husband works as a tool-pusher for an offshore drilling concern. His monthly salary averages about $1,452, from which deductions for Social Security, Federal and State Income Tax and insurance total $330.47, leaving a net take-home salary of $1,121.53 per month.
The wife has itemized her expenses for the support of herself and the two children as follows:
House payment (mortgage note) $168.00
Cleco (Utilities) 60.00
Telephone 13.00
Mr. Carmel (tuition for school) 20.00
Insurance 25.00
Car — payment note -0-
Auto Expenses 55.00
Food 225.00
Cleaners 20.00
Clothes 65.00
Yard 15.00
Club dues 20.00
Church 50.00
Garbage Man & Paper Man 4.00
Doctor and Medicine 100.00
Gifts, Cosmetics, Beauty Shop 20.00
TOTAL $860.00
As stated above, the trial judge awarded the wife $700 per month in alimony. He did not allow the full amount sought by Mrs. Choate, as the majority implies. Even excluding the $50 for the church and $100 for medical expense, which the majority questions, the remaining items, as reduced by the trial judge, are certainly not out of proportion to the manner of living before the separation.
Allowing the wife $700 per month out of the husband’s net take-home salary, would leave him $421.53 for his living expense.
There are several very good reasons why the trial judge could reasonably have awarded $700 for the maintenance of the mother and two children, leaving $421 per month for the father’s living expense.
First of all, I note particularly that the father lives approximately one-half of each month on offshore drilling rigs where all of his living expenses are furnished by his employer. The value of these furnished living expenses could reasonably be considered as additional salary enjoyed by defendant, which would mean that as a practical matter defendant’s share of the communty income will exceed $421 per month.
*806 Next, I note that the defendant father has introduced no itemized list of his living expenses. The record is devoid of any evidence to show his monthly expense for food, lodging, clothing, etc. The record doesn’t even show that he has any automobile expense and it is possible that his employer furnishes this. Certainly the defendant had the burden of proving these amounts. The trial judge could reasonably have concluded that since Mr. Choate did not attempt to show-his living expenses, they were small.
There is another noteworthy factor. Of the $700 awarded to the wife each month, the sum of $168 represents the monthly payment on the mortgage on the house. This is the same house occupied before the separation. If we exclude the house payment, it leaves the wife only $532 for the maintenance of herself and the two teenage girls. If we were to add the amount of the house payment to the husband’s remaining share of his take-home pay, he would have $589 per month.
For the reasons stated, I disagree with the majority’s conclusion that the trial judge has abused his discretion. No such abuse is shown by this record.