198 So.2d 734 (1967)
Mrs. Claudette McMATH, Plaintiff-Appellant,
v.
Charles H. MASTERS, Jr., Defendant-Appellee.
No. 1991.
Court of Appeal of Louisiana, Third Circuit.
May 10, 1967.
*735 LaBorde & LaFargue, by C. E. LaBorde, Jr., Marksville, for plaintiff-appellant.
Dupuy & Dupuy, by Mare Dupuy, Jr., Marksville, for defendant-appellee.
Before SAVOY, TATE and HOOD, JJ.
HOOD, Judge.
Plaintiff, Mrs. Claudette McMath Masters, appeals from a judgment rendered by the trial court decreeing that her husband, Charles H. Masters, Jr., is relieved of the obligation of continuing to pay alimony pendente lite and medical expenses to her.
On May 10, 1966, judgment was rendered by the trial court in this proceeding, decreeing a separation from bed and board between plaintiff and defendant, awarding Mrs. Masters the care, custody and control of the four minor children issue of that marriage, and awarding her the sum of $100.00 per month as alimony for her support and maintenance and the additional sum of $400.00 per month as support and maintenance for the four minor children.
On August 30, 1966, the community property was partitioned, and in that partition the plaintiff wife received the sum of $30,000.00, in cash, and some movable property, including all of the furniture, fixtures and household appliances then in her possession. Shortly after this partition agreement was entered into, and upon petition of the husband, a rule was issued directing the plaintiff wife to show cause why the alimony and medical expenses which defendant had been condemned to pay for her maintenance and support should not be eliminated entirely. At the trial of that rule the only evidence which was offered by either party was a certified copy of the community property settlement. Following that trial, judgment was rendered by the *736 trial court on October 25, 1966, relieving the defendant husband of the obligation of continuing to pay to plaintiff the sum of $100.00 per month, as alimony and medical expenses, but leaving undisturbed that portion of the judgment which ordered defendant to pay $400.00 per month for the support of his children. It is from that judgment that this appeal was taken.
In his written reasons for judgment the trial judge stated:
"The Court takes the view here that in either situation, the husband here is entitled to the relief prayed for. It believes, here, that Article 148 of the Civil Code applies, because she is still the wife, they are not divorced. However, under Article 148, if that is applicable, the Court must consider her "needs" as well as his "means". Previously, in the separation suit, it considered both. The Court gave her $100.00 per month and $400.00 per month for the four children with her. This rule is not to take away the support allowed the children. It is to disallow the amount awarded to the wife. Surely, a woman or wife, with $30,000.00 in cash is not needy. When the separation suit was heard, she did not have this. She now has it. She will continue to receive $400.00 per month as custodian of the four children. That is not in question. But with $30,000.00 in cash, she is not in need, as she was at the time of the separation trial. The husband, by his proof, has shown a change of circumstances in the status of his wife. If that cash she has is not income producing, it should be. The Court knows that locally, financial institutions are paying 4% on savings. Deposits are insured. This interest rate on $30,000.00 would produce $1,200.00 annually or the sum of $100.00 per month which the Court had allowed to her in the separation."
The plaintiff wife contends that the trial judge erred in holding that the defendant had borne the burden of proving that a change of circumstances had occurred which justified a modification of the award of alimony or support pendente lite, and in holding that the wife had sufficient "income" for her maintenance and thus that "she is not in need" of the support provided by LSA-C.C. art. 148.
A judgment decreeing a separation from bed and board does not dissolve the marriage previously entered into between the parties. The marriage is not regarded as having been terminated until the death of one of the parties occurs or until a final divorce is decreed. Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954); Cordaro v. Cordaro, 168 So.2d 886 (La.App. 2d Cir. 1964).
After a judicial separation has been decreed, and until a judgment of final divorce has been rendered, the right of the wife to alimony or support is governed by Article 148, and not by Article 160, of the Civil Code. Cordaro v. Cordaro, supra; Shapiro v. Shapiro, 141 So.2d 448 (La.App. 4th Cir. 1962); St. Julien v. LeBlanc, 146 So.2d 296 (La.App. 3d Cir. 1962); Hillard v. Hillard, supra; Fontenot v. Fontenot, 175 So.2d 438 (La.App. 4th Cir. 1965).
Article 148 of the Civil Code provides that if the wife has not a sufficient "income" for her maintenance pending the suit for separation or divorce, the judge shall allow her a sum for her support "proportioned to her needs and to the means of her husband." Article 160, which applies only after a final divorce is decreed, provides that when the wife has not been at fault and she has not sufficient "means" for her support, the court may allow her alimony "out of the property and earnings of the husband."
The principal distinction between these two articles of the Civil Code, aside from the fact that one applies before and the other after a final divorce has been decreed, is that under Article 148 the wife is entitled to support if she has not sufficient "income" for her maintenance, *737 while under Article 160 she may be allowed alimony if she has not sufficient "means" for her support.
With reference to these two articles of the Civil Code, our Supreme Court said in Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950):
"There is a marked distinction between the objects and the purposes of the two articles as pointed out in the case of Player v. Player, 162 La. 229, 110 So. 332, and it is in looking to the object of each that we come to appreciate the distinction between the words "income" and "means" as used in the respective articles.
"Article 148 has for its purpose the enforcement of the husband's obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient income for her maintenance, the judge shall allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. It is to be noted here that both her needs and the means of the husband are to be taken into consideration in determining the sum to be allowed."
"Thus we see that Article 148 takes into consideration the sufficiency of the income which the wife may have for her maintenance during the pendency of the suit for separation or divorce, in determining whether the husband should be made to pay her additionally for her support proportioned to her needs and his means."
The wife is not entitled to an allowance for support under LSA-C.C. art. 148 if she has sufficient income, earned or unearned, for her maintenance. Abrams v. Rosenthal, 153 La. 459, 96 So. 32 (1923); Scott v. Scott, 174 So.2d 193 (La.App. 2d Cir. 1965). The issue of whether she is entitled to such an allowance, and if so, the amount which a husband is required to pay to the wife for her support and maintenance, is one which must be determined by the facts and circumstances of each particular case. The fixing of the amount to be paid for such support and maintenance is largely within the discretion of the trial court, and his conclusions ordinarily will not be interfered with on appeal unless there has been a clear abuse of discretion. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Viser v. Viser, 179 So.2d 673 (La.App. 2d Cir. 1965); Gutierrez v. Gutierrez, 172 So.2d 753 (La.App. 4th Cir. 1965); Cordaro v. Cordaro, supra; Daly v. Daly, 164 So.2d 391 (La.App. 2d Cir. 1964); Dauterive v. Sternfels, 164 So. 349 lo, 174 So.2d 227 (La.App. 4th Cir. 1965); Smith v. Smith, 185 So.2d 830 (La.App. 2d Cir. 1966); Russ v. Russ, 126 So.2d 854 (La.App. 2d Cir. 1961).
The award of alimony pendente lite, under the provisions of LSA-C.C. art. 148, is not a final judgment, and it is open to reexamination and change by the trial judge at any time, as altered conditions and circumstances may warrant. Shipp v. Shipp, 180 La. 881, 158 So. 5 (1934); Dauterive v. Sternfels, supra; Viser v. Viser, supra; Daly v. Daly, supra; Turner v. Agnello, supra.
In Shipp v. Shipp, supra, our Supreme Court said:
"This court is always reluctant to change an allowance of alimony pendente lite, because, primarily, the trial judge who has the divorce suit before him has control over the allowance of alimony. In reducing the allowance in this case we have in mind that the district judge may yet change it at any time, on a sufficient showing. As we said in Grimes v. Posecai, 175 La. 1, 142 So. 703, an *738 award of alimony during the pendency of a divorce suit `is not a final judgment, but one which, at any time, is open to re-examination and change by the trial judge as changed conditions and circumstances may warrant.'"
And, in Dauterive v. Sternfels, supra, our brothers of the First Circuit Court of Appeals appropriately held:
"The award of alimony to Mrs. Sternfels was made under the cited article 148 Rev.Civ.Code, presumably `proportioned to her needs and to the means of her husband,' and rested within the discretion of the district judge. It was not a final judgment. It was open to re-examination and change by him, at any time, as altered conditions and circumstances warranted."
The party seeking to change or to rescind a prior award of alimony pendente lite bears the burden of showing that there has been a change of circumstances which warrants the modification or rescinding of the award, and the original judgment is presumed to be correct until the justification for rescinding or modifying that judgment is shown. St. Julien v. LeBlanc, supra; Keneson v. Madeley, 185 So.2d 868 (La.App. 3d Cir. 1966).
The evidence in the instant suit shows that prior to the partition of the community property in August, 1966, Mrs. Masters had no income for her maintenance except that which the court had allowed her as support pendente lite for herself and for her children. Pursuant to the judgment which was rendered earlier, she received from her husband $500.00 per month, $400.00 of which was for the support of her children and $100.00 was for her own maintenance and support. We presume that the amount which was awarded to her originally for her own support was adequate, especially since no evidence has been presented to show that it was not.
In the partition agreement which was entered into after the original judgment was rendered, Mrs. Masters received $30,000.00 in cash. We agree with the trial judge that this amount can be invested readily and safely, so that it will produce an income of at least $100.00 per month, and that Mrs. Masters thus must be held to have had an income of that amount since August 30, 1966, when the partition agreement was entered into between the parties. Prior to that time the defendant husband, as head and master of the community and as such the sole administrator of the property belonging to that community, received the income from that sum of money and he could use that income in providing support for his wife. After the partition agreement was completed, the husband has no longer received the income from the funds paid to Mrs. Masters, and thus his ability to provide support has been reduced.
We think the evidence clearly shows that there has been a change in circumstances since the original judgment condemning defendant to pay support to plaintiff was rendered, that Mrs. Masters now has an income equal to that which the court previously determined was adequate, that she no longer "needs" the support ordered by the prior judgment, and that the "means" of her husband to provide support for her have been reduced.
We are aware of the established jurisprudence to the effect that the wife, whose right to support is governed by LSA-C.C. art. 148, cannot be required to obtain employment or to deplete all of her capital before she is entitled to receive alimony pendente lite. Fontenot v. Fontenot, supra; Shapiro v. Shapiro, supra; Small v. Small, 173 So.2d 854 (La.App. 4th Cir. 1965). In the instant suit, however, the judgment appealed from does not require that Mrs. Masters deplete her capital. She may retain all of her capital, using only the income from it, and that income will be at least equal to her "needs," as found by the trial court and allowed to her in the original judgment. Although the wife may not be required to obtain employment *739 or to deplete her capital prior to obtaining support under LSA-C.C. art. 148, we think she can be required to make some reasonable use of the capital assets which she owns so that they will produce an income for her without risk to or depletion of her capital.
In our opinion the three cases relied on by plaintiff to support her argument that she cannot be required to use her capital funds for income purposes are not applicable here. In Smith v. Smith, supra, for instance, a final divorce had been decreed and the wife's claim for support was based on Article 160, instead of on Article 148, of the Civil Code. The Supreme Court, considering the capital assets of the wife, reversed the judgment of the trial court which had awarded alimony to the wife, and it held that her demands for alimony should be rejected. In Shapiro v. Shapiro, supra, the wife owned capital funds of $3,000.00 and an income of $10.00 per month. The court found that she needed $5,200.00 per year for her support. The amount which she could have received from an investment of her capital funds would have been negligible, and that added to her very small salary would still have fallen far short of being sufficient for her maintenance. And, in Small v. Small, 173 So.2d 854 (La.App. 4th Cir. 1965), where the trial court had denied the husband's rule to rescind a prior judgment awarding alimony pendente lite, the appellate court reversed that judgment and remanded the case for additional evidence as to the wife's needs and the means of the husband.
We agree with the trial judge in his conclusion that the defendant husband has satisfied the burden of proof which rests upon him of showing that the financial condition of both parties has changed, and that plaintiff now has sufficient income for her maintenance and support. Under these circumstances, we find no error or abuse of discretion on the part of the trial judge in relieving defendant from the payment of additional alimony pendente lite to plaintiff.
For the reasons herein set out, the judgment appealed from is affirmed. Exercising the discretion vested in this court by LSA-C.C.P. art. 2164, we assess all of the costs incurred in the trial court and on this appeal to the defendant, Charles H. Masters, Jr.
Affirmed.