245 So.2d 718 (1971)
Adeline B. CABRAL
v.
Harry R. CABRAL, Jr.
No. 4302.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1971.
Tucker & Schonekas, Russell J. Schonekas, New Orleans, for plaintiff-appellant.
Harry R. Cabral, Jr., Metairie, in pro. per.
Before SAMUEL, LEMMON and GULOTTA, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against her husband for separation from bed and board and for alimony pendente lite. Following trial of the rule for alimony the defendant was condemned to pay $250 per month for the support of his wife. Subsequently plaintiff confirmed a default judgment which granted the separation and continued the alimony at the same rate. Plaintiff has appealed from that judgment seeking only an increase in the amount of alimony. Shortly thereafter she obtained secretarial employment at a net weekly wage of $85. The defendant then filed a rule to discontinue or reduce the alimony on the basis of plaintiff's employment. That rule was dismissed after a hearing and the husband has appealed therefrom.
Both appeals are before us. However, counsel for plaintiff now concedes the increase motivating her appeal can be regarded as moot in view of her employment. Thus the only question presented is whether the alimony pendente lite of $250 per month should be discontinued or reduced.
The parties had been married to each other only nine months when this proceeding was filed. No children were born of the marriage and no property was acquired *719 by the community which existed between them. Both had been married previously and each had minor children by the prior marriages. It is undisputed that Mr. Cabral maintained the plaintiff in a very high style prior to their separation.
Plaintiff testified: She lived with her two children in a three bedroom apartment which rented for $170 per month. She owned an automobile which was her separate property. She estimated and itemized her personal needs and expenses, including food, rent, clothing, utilities, entertainment, and various other miscellaneous needs as totaling slightly in excess of $1,000 per month, an amount substantially less than the cost of the style in which plaintiff had maintained her during the marriage prior to the separation.
Plaintiff had been working for a gross salary of $250 per month immediately prior to her marriage to the defendant; but at the time the first rule for alimony was heard she had no income or means of support other than $200 per month which she was receiving from her former husband for the support of their children. As has been mentioned, at the time the rule for discontinuance or reduction of the alimony was heard she was employed as a secretary at a net weekly salary of $85.
The 1968 joint income tax return of the Cabrals was introduced in evidence for the purpose of showing the defendant's income. This was the only tax return offered due to the fact that no other return was available; the first rule for alimony was heard and the judgment of separation was rendered in the latter part of 1969 and the judgment was rendered on the rule for discontinuance or reduction of alimony in the earlier part of 1970. That return shows Mr. Cabral, an attorney, earned a net profit of $33,728 from the practice of law for the year 1968. However, he also owned and owns rental real estate which, according to his return, has a value in excess of $400,000 but which, due to various tax deductible items such as interest, repairs, insurance, depreciation and other expenses, shows a net loss of $18,754 despite collection of $36,460 in gross rents.
The defendant testified: His income in 1969 and at the time of the trial of his rule in 1970 was approximately 25% less than it had been in 1968. He estimated his 1970 income would show a net loss of $1,500. Payment of the $250 per month alimony involved herein, together with the alimony he was required to pay as a result of his prior marriage, would result in a total net loss of approximately $11,000, a figure which does not include any of his own expenses for food, clothing, shelter or personal items of any kind. His financial condition has been such that he has had to obtain additional loans to meet his obligations, including alimony payments to his first wife.
We note the income figures include depreciation slightly in excess of $16,000. The record also reveals the defendant drives a Cadillac, owns a boat and at the time of the hearing of the rule had offered to purchase a home costing in excess of $75,000.
Following the first hearing on plaintiff's rule for alimony the trial judge stated he felt that because of defendant's financial circumstances, particularly insofar as cash flow was concerned, alimony at the rate of $250 per month would be adequate even though that amount was insufficient to maintain plaintiff in any semblance of the standard of living she enjoyed while she and the defendant were living together. At that time the judge also suggested that Mrs. Cabral seek employment. After the hearing of the rule to discontinue or reduce the alimony the judge stated he would not penalize the plaintiff because she followed his suggestion and obtained employment. We agree with the conclusion.
The conditions under which the wife has a right to alimony pendente lite are contained in LSA-C.C. Art. 148, which reads as follows:
"If the wife has not a sufficient income for her maintenance pending the *720 suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148.
What this court said in Small v. Small, 173 So.2d 854, 857, relative to alimony pendente lite is appropriate here:
"* * * The actual needs for the maintenance and support of the wife must first be ascertained. If the amount needed is proportionate to the husband's means of making payment, that amount should be awarded. If those needs exceed the husband's ability to pay, alimony pendente lite should be fixed in a sum which will as nearly as possible be just and fair to all parties involved. Reichert v. Lloveras, 188 La. 447, 177 So. 569; Turner v. Turner, La.App., 174 So.2d 227, handed down this day.
Alimony pendente lite being a judicial enforcement of the husband's obligation to support his wife during the existence of the marriage, where justified by the facts (and each case is dependent upon its own facts), the wife is entitled to such alimony in an amount sufficient to maintain her in a style comparable to that which she enjoyed prior to her separation from her husband by reason of his means and position. Schneider v. Schneider, 211 La. 959, 31 So.2d 176; Abrams v. Rosenthal, 153 La. 459, 96 So. 32; Reichert v. Lloveras, supra.
Where the wife, who is a litigant in a suit for separation from bed and board, has no income of her own, she is not required to obtain employment in order to support herself; the law imposes the obligation of support upon the husband. But if she does choose to earn her own living, or a part thereof, she thereby takes herself out of the provisions of Article 148 to the extent of her earnings. Bilello v. Bilello, 240 La. 158, 121 So.2d 728; Abrams v. Rosenthal, supra."
Defendant argues the alimony he is required to pay should be discontinued or reduced to a nominal amount in view of his financial condition and cash flow, particularly because: (1) most of the expenses enumerated by his wife as being necessary for her support actually are expenses which relate to her children from her first marriage; and (2) at the time of their marriage she was working and maintaining herself on a net income of approximately $250 per month, while now she is receiving that amount in alimony alone plus $85 net per week from her employment. We do not agree with the argument.
Under the circumstances here the defendant properly was required to pay alimony pendente lite and the $250 per month figure set by the trial judge appears reasonable even to the extent of being close to minimal. While we are satisfied from the record that some of the personal expenses listed by the plaintiff do include some amounts in fact expended for the benefit of her children, we are also satisfied that after such amounts are deducted the total of the remainder plus the $85 weekly she receives from her employment is not sufficient to maintain her in a style comparable to that which she enjoyed while she and the defendant were living together as man and wife. It is the style, or standard of living, enjoyed by the wife while living with her husband, and not her standard of living prior to the marriage, which is determinative of the wife's "need" for alimony pendente lite under Article 148.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.