ELLIS, Judge:
Defendant George H. King, III, brings this appeal from a judgment awarding his wife, plaintiff Jacqueline Hatchell King, alimony pendente lite in the sum of $396.00 per month plus $50.00 per month for the support of their minor child.
None of the facts are disputed. Mr. King’s monthly income, after deductions, was, at the time of the trial, $348.40. He owned separate property, in the form of stock, valued at $123,678.78, from which he derived no revenue. He owned a home, for which he paid $25,000.00. We further gather from the record that he had a cash fund composed of dividends on his stock paid prior to his 21st birthday, which, at the time of his marriage, had about $50,-000.00 in it. He used some of this money to buy the home mentioned above, and drew funds from it with some regularity during his marriage. He said he could get money from the fund when he really needed it. There is no evidence as to the amount of the fund at the time of the trial, although it was apparently not depleted. The record further reflects Mr. King’s monthly living expenses to be $364.29.
The parties stipulated that Mrs. King’s monthly living expenses were $510.00, based on her testimony at the trial. However, we note that she only testified to a total of $480.00, the difference being a reduction of $30.00 a month in the amount she claimed for rent. She testified she had a monthly income from part time work of $64.00.
The total award of $446.00 per month made by the trial judge is substantially in *226 excess of the monthly income of the husband, and was obviously arrived at by subtracting the income of the wife from her needs, which were mistakenly stipulated to be $510.00. No reasons for judgment were rendered.
In this court, defendant contends that the trial court erred in taking into consideration the separate property of the husband in determining the amount of alimony to be awarded the wife, and in making an award in excess of the income of the husband.
As stated by defendant in his brief, “The question before this Court is whether ‘means of the husband’ includes funds which can be derived from sale of separate assets of the defendant, or whether it is to be construed as being limited to the defendant’s income.”
Article 148 of the Civil Code provides as follows:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
The term “means” as used in Article 148 has been defined only once by our courts. In Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936), the court said:
“Article 148 of the Civil Code, as amended by Act No. 130 "of 1928, says that if the wife has not sufficient income for her maintenance pending the suit for separation from bed and board or divorce, ‘the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.’
“Nothing is said in this article about the income or earnings of the husband. While the separation or divorce proceedings are pending, the Code says that the husband must pay for the support of his wife out of his ‘means’. The word ‘means’ as used in this article refers to the husband’s resources and not necessarily to his income. His ‘means’ may consist either of property of a physical character, frequently referred to as assets, or it may consist of income from such property or income from labor or services performed. The word ‘means’, as' used in this article of the Code, signifies any resources from which the wants of life may be supplied. The amount necessary for the support of a wife under such conditions as those referred to in this article is a debt which the husband must discharge out' of his means, and his means may consist of money in his pocket, cash in bank, income from whatever source, or assets in the way of real or personal property.”
A factual analysis of a number of cases dealing with an award of alimony pendente lite to the wife under Article 148 reveals that in more cases than not, the income of the husband is the major factor considered in fixing the amount. See Butterworth v. Butterworth, 203 La. 465, 14 So.2d 59 (1943), in which the court said:
“The needs of the wife and the children and the income of the husband are the decisive factors in fixing alimony pen-dente lite and permanent.”
However, in that case, the court found that the husband had sufficient income to maintain his wife and children in the circumstances to which they were accustomed, and the specific point at issue in this case was not before the court. The same is true in Schneider v. Schneider, 211 La. 959, 31 So.2d 176 (1947).
In Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937), the Supreme Court reduced an alimony pendente lite award to the wife from $60.00 per month to $40.00 per month. The husband had a net monthly income of $43.80, $500.00 worth of stock and a $4,000.00 equity in a piece of property worth $6,000.00, which produced revenue *227 included in the net income of the husband. The court found the needs of the wife to be $55.00 to $60.00 per month. In disposing of the case, the court said:
“Counsel for the wife says that an alimony of $60 per month to the wife where the husband has an income of $250 per month and assets amounting to nearly $6,000 would not be excessive. It would be true if the husband had a net income of that amount and had unincum-bered assets to the amount stated. But, in the present case, the amount stated is the gross and not the net income; and, while the property has a value of approximately $6,000, it is incumbered to the extent of $2,000.”
It is clear that the court in that case considered all of the husband’s assets in arriving at the conclusion that $40.00 a month was a proper award.
In Cabral v. Cabral, 245 So.2d 718 (La. App. 4 Cir. 1971), the court considered the husband’s entire financial picture and refused to reduce his alimony pendente lite, even though he estimated his current annual income would show a net loss of $1,-500.00, which when added to his alimentary obligations to plaintiff and a former spouse, would result in a total net loss of $11,000.00, before payment of his own living expenses. He was shown, however, to be the owner of real property valued at $400,000.00.
We find, after a review of the jurisprudence, that the proper definition of “means” in Article 148 is that given by the Supreme Court in the Bowsky case, supra. Of course, each case must be decided in the light of its own peculiar facts and circumstances.
In this case, the evidence shows that, before their separation, the parties hereto lived substantially beyond the salary earned by the defendant, and that the deficiency was met out of the drawing account hereinabove mentioned. The needs of the wife and child have been stipulated to by defendant. Obviously, if only the income of the husband were to be considered by us in awarding alimony, and some allowance for the husband’s expenses were to be made, only about one third of these needs could be met.
We find from the record, however, that the means of the husband are sufficient to meet the needs of his wife and child. ' We find these needs to total $480.00 per month, from which must be deducted the sum of $64.00, which are the monthly earnings of the wife.
The judgment appealed from is therefore amended by reducing the amount of alimony pendente lite to $366.00 per month, with an additional $50.00 per month as child support, and, as amended, it is affirmed, at defendant’s cost.
Amended and affirmed.