PONDER, Judge.
Plaintiff-appellant, Sylvia King Privette filed a rule for alimony pendente lite and child support against defendant-appellee, W. Richard Privette, Jr., seeking a monthly award of $1,250. After trial on the rule, the trial judge awarded Mrs. Privette $50 per week alimony and $50 per week child support for each of two minor children. Mrs. Privette has timely appealed, arguing that the amount awarded by the court below is insufficient to maintain her and the two minor children in accordance with their former standard of living. We affirm.
Plaintiff-appellant contends:
1. The trial judge erred when he failed to consider the husband’s entire financial picture, including all of his resources, as well as his separate property, in setting the amount of alimony pendente lite.
2. The trial judge erroneously considered the defendant-appellee’s deductions for depreciation listed in his income tax returns in arriving at a basis upon which to compute alimony pendente lite.
Mr. Privette is the sole owner of Privette Oil Company. In spite of gross sales in 1972, 1973, and 1974, of $454,000, $535,681 and $672,693, respectively, the company has lost money the last four or five years. It presently has no cash reserve for depreciation and is on a cash basis with at least some of its suppliers. Mr. Privette has had to sell some of his separate property and borrow money from his mother to keep the company afloat. All of his income is derived from the company.
Mr. Privette testified that he takes only $1,000 per month out of the business to pay off a bank note, and about $100 per week for his personal use. He admitted, however, that “when things come up” he takes more out. He stated that when he lived with his wife the most he ever took out to support his family was $800 per month, excluding medical expenses.
Mr. Privette owns a substantial amount of land in St. Tammany Parish. He is the sole owner of four improved and three unimproved lots. In addition, he owns in indi-visión with his mother ninety acres of land known as the Privette Airport, two and a half acres on the Bogue Falaya River, and three improved and two unimproved parcels of land.
Mr. Privette testified that all rental from the above property goes directly to his mother, as he owes her $80,000. He stated that the airport property is still burdened with a $50,000 mortgage.
*549 Mr. Privette testified that in the last four years his standard of living has greatly declined. He has not purchased any new. clothes in a couple of years, and he now drives only one used car, whereas in the past he had several new ones. No new cars have been bought for the company in the last three years.
Mrs. Privette denied that her husband spent only $800 per month maintaining the household. She itemized the monthly expenses for herself and the two minor children as totalling twelve hundred fifty-one dollars per month.
Civil Code Article 148 provides that:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
An award of alimony pendente lite and child support must be sufficient to maintain the wife and children in the manner they were accustomed to prior to the separation, in accordance with the husband’s means. Also, the husband’s “means” includes not only his income, but also his resources. King v. King, 255 So.2d 225 (La.App. 1st Cir. 1971). In fact, the court can award alimony and child support in excess of the husband’s income if the circumstances so require. King, supra.
Plaintiff-appellant’s assignments of error, however, are not supported by the record. If the trial judge had considered only Mr. Privette’s income, as plaintiff-appellant contends, the alimony award would have been considerably less than that granted. Also, the record does not indicate in any manner whatsoever, that the trial judge considered Mr. Privette’s income tax depreciation as a factor.
Instead, we find the award ample, and fully within the broad discretion granted the trial judge in such matters. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972).
AFFIRMED.