85 So.2d 45

**Joseph R. KAIGHEN**

**v.**

**Ruth Cooper KAIGHEN.**

No. 42622.

Jan. 16, 1956.

Tillery & McBride, Arabi, for respondent-appellant.

Roland R. Selenberg, New Orleans, for appellee.

HAWTHORNE, Justice.

Joseph R. Kaighen has appealed from a judgment ordering him to pay his wife $170 per month as alimony pending his suit for divorce.

In this court the husband contends that his wife is not in necessitous circumstances and accordingly is not entitled to alimony pendente lite. In the alternative he argues that, if the court should find that she is entitled to support, the award made by the district court is excessive and should be reduced.

The rule for alimony was tried in the lower court in July, 1955. At that time the husband had been employed by the Standard Fruit Company for five years as chief engineer of the S. S. Gatun. The vessel on which he worked was laid up for repairs which were to be completed in October, 1955, and he testified that for this reason he was on reduced pay of $500 a month, but that his normal salary was $750 a month.

At the time the rule was tried the wife was employed as a housekeeper, earning $20 per week and room and board. She testified that she was expecting the birth of a child in October, and that her doctor had informed her that she could continue in her present work for a period of about six weeks at most, and that she would then have no employment or income and would

have to rent an apartment and bear the expenses of childbirth. It was admitted in oral argument in this court that the child had been born.

■ Under Article 148 of the Louisiana Civil Code, if a wife does not have sufficient income for her maintenance pending a suit for divorce, the court shall allow her a sum for her support proportioned to her needs and to the means of her husband. It is also established in the jurisprudence of this state that the purpose of this article is to enforce the husband's obligation to support his wife provided by Article 120 of the Civil Code, as this obligation continues to exist during the pendency of a suit for separation from bed and board or for divorce. See Smith v. Smith, 217 La. 646, 47 So.2d 32.

■■ Although in the instant case the wife was employed at the time the rule was tried in the lower court, she had been advised by a doctor to stop working because of her pregnancy, and there was no showing that she would have any income whatever if she followed the doctor's advice. Consequently it cannot be said that she was not in need at that time. Moreover, in support of his alternative demand, appellant has not advanced any good reason why we should reduce the award made in the instant case. Accordingly we think that the trial judge properly allowed alimony in this case, and that, in view of the husband's

income of approximately $6,000 a year, the award of $170 per month is not excessive.

The judgment is therefore affirmed, appellant to pay all costs