For the reasons assigned the judgment appealed from is affirmed.

121 So.2d 728

**Jolene Kay Dyer BILELLO**

v.

**Joseph Philip BILELLO.**

No. 44568.

June 29, 1960.

Jack Wise, Thibodaux, for defendant-appellant.

Falgout & Allemand, Thibodaux, for plaintiff-appellee.

SIMON, Justice.

Joseph Philip Bilello has appealed from a judgment ordering him to pay his wife $90 per month as alimony pending her suit for separation from bed and board.

The record reveals that plaintiff and defendant were married on June 7, 1957, in Amite County, Mississippi. Following their marriage, they established their matrimonial domicile in Thibodaux, Louisiana, and lived together until their separation about January 15, 1958. At the time of their separation, defendant was attending barbering school in New Orleans. About January 30, 1958, plaintiff secured employment as a telephone operator at a salary of $42 per week, which continued until September 1958 when she enrolled as a student at Francis T. Nicholls State College in Thibodaux. Shortly before leaving her employment, plaintiff notified defendant by letter that although she had not previously requested his support during their separation, she would no longer be employed after September 12, 1958, as she intended to attend college and requested that he make arrangements for her maintenance and support. After graduating from barbering school, defendant on September 24, 1958, obtained employment as a barber earning approximately $270 per month.

Following defendant's refusal to support and maintain her, plaintiff filed suit for a separation from bed and board on the ground of abandonment. Upon the hearing of a rule to show cause why he should not pay $250 a month alimony pendente lite, the lower court awarded her $90 per month, from which order defendant has suspensively appealed.

Defendant alleges that the trial judge erred in ordering him to support his wife during the pendency of the separation suit for the reason that she is capable of supporting herself. The sole question before us is whether a wife who is capable of earning a living by her personal labors

is denied the right to claim and be awarded alimony pendente lite.

It is urged by defendant that a young, healthy, intelligent woman, without children, fully capable of earning her own living, and having previously done so, but who chooses not to work, should be regarded as having sufficient income for her maintenance, and is not entitled to alimony pendente lite.

There is no merit to this novel and ingenuous argument, a contention repudiated by our Civil Code and pertinent jurisprudence. The cases cited by defendant from other jurisdictions in which the courts, in awarding alimony, consider the ability of the wife to support herself by her own labors are clearly not applicable to and find no sanction in our law.

Article 120 of our LSA–Civil Code reads:

"The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition."

LSA–Civil Code Article 148 prescribes the conditions under which the wife has a right to receive alimony pendente lite, and reads:

"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, porportioned to her needs and to the means of her husband."

In Smith v. Smith, 217 La. 646, 47 So.2d 32, 34, this Court stated that:

"Article 148 has for its purpose the enforcement of the husband's obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for devorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient *income* for her maintenance, the judge *shall* allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband."

■ The husband being burdened with this continuing responsibility, it follows that the wife has a corresponding right to demand and receive this maintenance and "a wife, without property of her own, who sues her husband for a separation from bed and board, *is not required to go out into*

*the arena of business* in order to obtain the funds necessary to support herself, as the law imposes that obligation upon the husband, but, if she does *choose to earn her own living* pending the issue of the suit, she thereby takes herself out of the provisions of article 148 of the Civil Code *to* the extent of her earnings." (Italics ours.) Abrams v. Rosenthal, 153 La. 459, 96 So. 32, 34.

■ Although appellant concedes that he has not found any Louisiana case in which the question here presented has been squarely passed upon, he cites and relies upon the two following Louisiana cases. A review of these cases shows that in Kaighen v. Kaighen, 229 La. 101, 85 So.2d 45, the husband contended that his wife was not in necessitous circumstances and accordingly was not entitled to alimony pendente lite.

The rule for alimony was tried in the lower court in July 1955. At the time the wife was employed as a housekeeper earning $20 per week and room and board. She testified that she was expecting the birth of a child in October, and that her doctor had informed her that she could continue in her present work for a period of about six weeks at most, and that she would then have no employment or income and would have to rent an apartment and bear the expenses of childbirth. This Court held:

"Although in the instant case the wife was employed at the time the rule was tried in the lower court, she had been advised by a doctor to stop working because of her pregnancy, and there was no showing that she would have any income whatever if she followed the doctor's advice. Consequently it cannot be said that she was not in need at that time."

This case is no authority for defendant's proposition that in determining whether a wife is entitled to alimony pendente lite it is necessary to take into account her earning capability as the question presented was whether or not she was in necessitous circumstances.

In Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157, 158, the husband contended alternatively that his wife did not sufficiently prove her need and that the award of the district court of $14 weekly alimony was excessive. This Court stated as follows:

"We are unable to say that this award is unjustified by the evidence, which shows that the husband is regularly employed and has a weekly take-home pay of approximately $50 and that the wife is unable by reason of illness to earn her own living."

There was no intimation by the Court that the wife could not receive alimony pendente lite should she be physically able to earn her own living.

Both of the foregoing cases involved the question of whether the wife was in necessitous circumstances, whereas in the instant case that question is not an issue before us.

For the reasons assigned, the judgment of the lower court is affirmed, defendant to pay all costs.