174 So.2d 193 (1965)
Emerlyon Ada Alex SCOTT, Plaintiff-Appellee,
v.
John SCOTT, Jr., Defendant-Appellant.
No. 10339.
Court of Appeal of Louisiana, Second Circuit.
March 17, 1965.
Rehearing Denied April 28, 1965.
Writ Refused June 10, 1965.
Louis Lyons, Bossier City, for defendant-appellant.
Love, Rigby & Donovan, Shreveport, for plaintiff-appellee.
*194 Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Defendant, in this action for a separation a mensa et thoro, appealed from a judgment on a rule directing that he pay plaintiff, during the pendency of the proceedings, the sum of $75.00 per week, "to be used by the plaintiff in rule for payments on the community indebtedness."
Plaintiff, a teacher in the public schools of Caddo Parish, earns an annual salary of $5,789.32, from which are deducted federal and state income taxes of $957.26. After this deduction, plaintiff has a net annual income of $4,832.06, or $402,67 per month. After all other deductions claimed by her, plaintiff admits she has a take-home pay of $340.00 per month.
By the contraction of marriage, the wife is bound to live with her husband, and he is obligated to furnish her with whatever is required for the convenience of life in proportion to his means. LSA-C.C. Art. 120. This obligation continues until the marriage is dissolved. Thus, as declared in LSA-C.C. Art. 148,
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
The purpose of this article is the enforcement of the husband's obligation to support the wife as provided in LSA-C.C. Art. 120. This obligation, however, as noted in the aforesaid quotation, is conditioned upon the insufficiency of the wife's income for her maintenance pending a suit for separation. Thus, as stated in Abrams v. Rosenthal, 153 La. 459, 96 So. 32, 33, 34 (1923),
"If the wife be in receipt of an income, earned or unearned, sufficient for her maintenance in the style and under the conditions to which she is accustomed by reason of her husband's means and position in the community, she is not entitled to alimony pendente lite."
This principle is predicated upon the pronouncement of the court to the effect that
"* * * a wife, without property of her own, who sues her husband for a separation from bed and board, is not required to go out into the arena of business in order to obtain the funds necessary to support herself, as the law imposes that obligation upon the husband, but if she does choose to earn her own living pending the issue of the suit, she thereby takes herself out of the provisions of article 148 of the Civil Code to the extent of her earnings." (Emphasis supplied.)
See, also, Bilello v. Bilello, 240 La. 158, 121 So.2d 728 (1960).
No controversy is presented, however, as to the insufficiency of plaintiff's earnings for her maintenance pending this litigation. Her contention is that she has personally obligated herself, through her signature on notes, for the payment of certain community debts and that, if they are not paid, both she and her employer will be harassed and eventually her salary garnisheed. Should such garnishment be effected, plaintiff fears that she would be relieved of her employment by the Caddo Parish School Board which, in the past, has taken a dim view of "teachers that are not responsible."
The payment of community debts is the responsibility and obligation of the husband as the head and master of the community. The judgment appealed, in effect, appoints plaintiff as agent of the community for the payment of its debts. No authority for this action has been cited and we know of none.
*195 In view of the aforesaid statement of the principle of law relative to the husband's responsibility for the payment of community debts, it cannot be supposed that plaintiff's employment would be affected by the husband's dereliction in that regard.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and the rule to show cause is now recalled at plaintiff-appellee's cost.
Reversed.