AYRES, Judge.
Plaintiff, after having been awarded a judgment of separation “a mensa et thoro,” proceeded by rule for alimony pendente lite. From an award of $40.00 per month granted her, defendant appealed.
Plaintiff, a teacher, claims that by virtue of her obligation to pay community debts she has, after making such payments, an insufficient income or means for her support. Her claim is predicated upon the provisions of LSA-C.C. Art. 148, which provide:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
The testimony adduced on the trial of this matter was not transcribed. Accordingly, a narrative of the facts was prepared pursuant to LSA-C.C.P. Arts. 2130 and 2131. This narration recites:
“There were only two witnesses to testify on trial of this case, the first being the plaintiff herself, Mrs. Ruth Jackson Warren. This plaintiff testified that she was employed as a schoolteacher by the Red River Parish School Board with a monthly gross salary of $509.00, with deductions for Federal tax of $55.80, 6% retirement for the state teachers’ retirement system, insurance withholding of $14.40 to Protective Insurance Company, and withholding of $7.67 to Washington Insurance Company, and with a state tax withholding of $3.00, leaving a net of $397.59.
“Mrs. Warren further testified that she was making monthly payments on a bank note to a bank in Baton Rouge and to another bank in Coushatta; that during the settlement of the community property between her and the defendant, they each agreed to pay one-half of the balance due on a note at the Campti branch of the City Bank and Trust Company; that she renegotiated this loan with City Bank and Trust Company at a time when the total balance was approximately $3,-000.00; that the renegotiation of the loan was prompted because her ex- *100 husband had refused to honor his agreement by failing to pay his one-half of the monthly installments, and had in fact taken bankruptcy, thereby throwing the entire obligation to her, and that she was not able to make payment of the monthly installments as had been set up at the time of the community property settlement, and therefore she was required to either renegotiate the loan or default on the payments and face judgment.
“The plaintiff further testified that the various notes which she described as owing by her, other than the note to the City Bank and Trust Company, represented expenses of the community formerly existing between her and defendant, and also represented part of a funeral bill which she had paid for her mother’s funeral.
“Mr. Cecil Warren, the defendant in rule, testified that he received a pension from the U. S. Marine Corps and a salary from Northwestern State College, and that his net income approximated $390.00 to $395.00 per month. He further testified that living expenses and contributions to the support and education of the child born of the marriage between him and plaintiff in rule, which child is now a major, and various open account debts which he owes make it impossible for him to pay any alimony.
“Defendant in rule further testified that he took bankruptcy, but that he had acknowledged and reaffirmed all of his debts to the creditors listed by him, with the sole exception of City Bank and Trust Company.”
We glean from the record, as obviously did the trial judge, that after payment of the debts of the community formerly existing between plaintiff and defendant, which she is obligated, as aforesaid, to pay, plaintiff’s income is insufficient for her maintenance.
Defendant relies upon certain well-established legal principles with which we are in accord but which are not, in our opinion, applicable to the situation here. Thus, it is contended under Abrams v. Rosenthal, 153 La. 459, 96 So. 32 (1923), that, if a wife has income sufficient for her maintenance in the style to which she is accustomed by reason of her husband’s means and position, she is not entitled to alimony pendente lite. A similar conclusion was reached in Chaisson v. Domingue, 175 So.2d 902, La.App., 3d Cir. 1965. Cited also is Scott v. Scott, 174 So.2d 193, La. App., 2d Cir. (1965 — writ refused), wherein it was held that a wife who chooses to earn her own living pending a suit for separation from bed and board takes herself out of the provisions of the aforesaid codal article; and that, moreover, alimony cannot be allowed in the guise of support or maintenance for the payment of community debts.
The situation here is readily distinguishable from the situations in the aforesaid cases. In the instant case, before their separation, plaintiff and defendant borrowed money from the Campti branch of the City Bank and Trust Company for the payment of which they bound themselves in solido by both signing the note. This indebtedness was therefore a community obligation. In fact, the funds realized from the loan were used to consolidate past-due community obligations. At the time of the separation each of these parties agreed to assume, as his or her own, one-half of this indebtedness, although neither was released by the bank from the entire debt. Finding the payment of his one-half of the indebtedness burdensome, defendant was subsequently, on his petition, adjudicated a bankrupt and was finally, by reason of a discharge granted him, relieved of his obligation to the bank. The burden of this entire obligation was therefore cast upon plaintiff. Finding herself unable to meet the payments upon this note, plaintiff was forced to renegotiate it, at which time there *101 was a balance due of approximately $3,-000.00.
From plaintiff’s monthly net income of $397.59, the trial court obviously concluded that after she made payments on this indebtedness her income was insufficient for her maintenance. Defendant’s net income was shown to have exceeded $390.00 per month.
While the wife may not recover from her husband funds for the payment of obligations, as such where her own income is sufficient for her maintenance, she may recover alimony needed for such maintenance where community debts, under the circumstances disclosed in this case, must be paid out of her income and result in a depletion of her income so that it is insufficient for her proper maintenance.
For these reasons, we find no basis for disagreement with the award as made and, accordingly, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.