AYRES, Judge.
The defendant has appealed from a judgment ordering him to pay plaintiff the sum of $300.00 per month as alimony pendente lite for the support of herself and two minor daughters. In addition to such payment, the judgment also ordered appellant to pay, as additional alimony and support, monthly installments of $107.00 on a mortgage encumbering the matrimonial domicile, a community asset occupied by the wife and daughters.
Appellant, in appealing, charges that the sum of $407.00 awarded is in excess of the needs of the wife and beyond his ability to pay. His argument as to the first of these contentions is principally directed to the fact that plaintiff-in-rule quit her job as a clerk in a local department store prior to the trial of the rule, which he contends was for the purpose of establishing a decrease in her income and an increase in her needs. Plaintiff assigned as reason for the discontinuance of her employment the need of the daughters for her supervision during the school vacation months. No fault can be found with such a purpose.
*165 It is not contended that, without benefit of the wife’s earnings, the wife and daughters are not in need of support. However, it may be observed that the principle is well established in the jurisprudence of this State that a wife without property of her own who sues her husband for a separation from bed and board need not go into business in order to obtain funds necessary to support herself, since the law imposes that obligation upon the husband. Abrams v. Rosenthal, 153 La. 459, 96 So. 32, 34 (1923); Bilello v. Bilello, 240 La. 158, 121 So.2d 728, 730 (1960); St. Julien v. LeBlanc, 146 So.2d 296, 301, La.App., 3d Cir. 1962.
In the determination of an award in such cases a statutory rule uniformly adhered to provides that an award to the wife for her maintenance pending a suit for a separation or for a divorce is to be based upon her needs and the means or the ability of her husband to pay. LSA-C.C. Art. 148. However, in accordance with this rule, the amount necessary for maintenance in a given case must be determined by the facts and circumstances established to exist therein. Hicks v. Hicks, 147 So.2d 750, 752, La.App., 2d Cir. 1962.
With regard to the record of defendant’s contentions having reference to his ability to pay, the status' and nature of his employment and the extent of his earnings appear to be appropriate subjects for review and consideration.
The record reflects that for the first seven months of 1965 defendant’s bank deposits were in the sum of $17,320.42. Nonincome items such as a bank loan of $1,100.00, premiums collected and remitted to insurance companies of $5,029.11, refund of premiums, $612.23, and checks deposited but returned unpaid in the sum of $783.55, reduced his gross income for the 7-month period to $9,795.53. After giving credit for all expenses claimed by defendant, including $542.95 for employment social security tax which was neither payable nor paid, defendant had a net monthly income of $623.74. On the elimination of the aforesaid erroneous deduction for social security tax which could have amounted to only 5.4% of $4,800.00 of income, or $259.20 for the entire year, the defendant, according to his own calculation, had a monthly net income of not less than $701.30. Thus, it is seen that, after payment of the award for the support of the wife and daughters, defendant had a net of, at least, $294.30, which compares quite favorably with the $300.00 cash granted for their support, plus the sum of $107.00 monthly for payment on the mortgage covering the matrimonial domicile.
The trial court concluded defendant was well able to pay the support awarded. There appears to be no sound basis for a disagreement with the conclusion thus reached, particularly in view of the fact that the amount was agreed to by the defendant, so far as concerned the remainder of the school vacation period. In refusing to limit the award to such vacation period, the court directed defendant’s attention to the fact that on a showing of changed circumstances he might seek a modification of the award.
No complaint was made that the monthly installments, payable on the mortgage encumbering the matrimonial domicile, were not appropriate items for consideration in making the award for support. The payment of such items was but partial fulfillment of defendant’s obligation to furnish his wife a place of abode. Nevertheless, there is no basis for complaint. The obligation to pay the mortgage was his and every payment insured to his benefit, as well as to that of the wife, inasmuch as the property constituted an asset of the community.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.