291 So.2d 925 (1974)
Frances BARNES, wife of Joseph I. B. LACHNEY
v.
Joseph I. B. LACHNEY.
No. 6100.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
*926 Harry Wax and Ford J. Dieth, for plaintiff-appellee.
Richard S. McBride, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, SCHOTT and MARCEL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against her husband for a separation from bed and board. With the suit she also filed a rule to show cause why he should not pay alimony pendente lite. At the trial of the rule it was established that the plaintiff was not working and had no income at all and that, on the basis of his own testimony, defendant was earning approximately $225 or $230 per month as a taxicab driver. Following that trial, on December 15, 1972, defendant was ordered to pay alimony totaling $175 per month beginning January 1, 1973.
On January 26, 1973 defendant filed a rule to discontinue the alimony payments on the grounds that he was ill and that his wife had obtained employment. On January 31, 1973 plaintiff filed a rule for contempt based on nonpayment of alimony for the month of January. The rules to discontinue alimony and for contempt were tried at the same time. After trial there was judgment suspending the alimony payments for 60 days, directing the defendant to obtain more remunerative employment, finding him in contempt of the prior alimony order, and giving him 10 days in which to pay his wife the sum of $175 representing two past due alimony payments. Defendant has prosecuted this appeal from that judgment.
In this court defendant contends the trial court erred in its refusal to discontinue alimony. He makes no complaint concerning that portion of the judgment which finds him guilty of contempt. Defendant relies upon the rationale of Kaighen v. Kaighen.[1]
As we have said, at the time the initial rule for alimony was heard the plaintiff was not working and had no income. When the two rules involved in the judgment appealed from were heard she was employed as a waitress earning take-home pay of $336 per month. At the later hearing she testified her expenses, which she kept to a minimum, amounted to $313 per month, or $23 less than her income. Insofar as is shown by the evidence taken at both trials, the defendant continues to earn the same salary of approximately $225 or $230 per month as a taxicab driver.
Both parties appear to be in poor health. Plaintiff stated she has emphysema, colitis, ulcers, a hernia and a growth on her chest. She is working contrary to her doctor's advice, primarily for the purpose of obtaining enough money to pay for an operation for the removal of the chest growth. According to her testimony, the growth will be removed *927 in the doctor's office at a cost to her of $100. The defendant testified he is in need of two operations for hernias; he had been hospitalized for 9 or 10 days during. January, 1973; and he owes $484.74 as a result of that hospital bill, 4 months back rent at $70 per month, and various loans totaling approximately $1,800.
Alimony pendente lite is provided for by Civil Code Art. 148, which reads:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148.
While not required to work and earn her own living during the pendency of her suit for a separation or for divorce, a wife who chooses to do so takes herself out of the provisions of Article 148.[2] In the instant case, particularly in view of the comparative incomes of the litigants, the plaintiff's earnings are sufficient for her maintenance. By her own admission she is making more than her living expenses.
In our opinion the case of Kaighen v. Kaighen,[3] upon which plaintiff relies, is not applicable to the facts now before us for several reasons. In that case the court did award alimony pendente lite to a wife in the amount of $170 per month even though she was employed at the time the alimony rule was heard. At the time of the hearing the husband's income was $500 per month, but his normal anticipated income was $750 per month and it was relatively certain that within 4 months his income would return to its normal level. The wife in Kaighen received an income of only $20 per week plus room and board as a housekeeper, an amount far below her husband's income. And perhaps most important, the wife in that case was expecting the birth of a child within 3 months from the date of the hearing. She testified her physician advised her to discontinue her employment in 6 weeks, which would then place her in the position of being unemployed, with the added responsibility of paying for the cost of an apartment and the medical expenses involved in the birth of her child. Because the wife was in her sixth month of pregnancy there is no doubt of her having to terminate her employment, thereby losing both her salary and her living quarters, since even a miscarriage at that stage of her pregnancy would have had some economic effect on her. In the present case, it appears from the record that the removal of the wife's skin growth would only involve absence from work for a day or two and that she has an income, sufficient for her maintenance, which exceeds her husband's income.
For the reasons assigned, that part of the judgment appealed from which directs the defendant to obtain more remunerative employment and which, in effect, condemns him to continue to pay the defendant alimony pendente lite after 60 days is set aside, annulled and reversed and it is now ordered that the defendant, Joseph I. B. Lachney, be relieved of the obligation of continuing to pay alimony pendente lite to the plaintiff, Frances Barnes, his wife; costs of this appeal to be paid by the defendant-appellant.
Reversed in part.
NOTES
[1] 229 La. 101, 85 So.2d 45.
[2] See McMath v. Masters, La.App., 198 So.2d 734; Scott v. Scott, La.App., 174 So.2d 193.
[3] Citation footnote 1.