331 So.2d 580 (1976)
Louise Clair Temple GRAVEL, Plaintiff-Appellee,
v.
Alfred C. GRAVEL, Jr., Defendant-Appellant.
No. 5174.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1976.
*581 Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendant-appellant.
Louise Clair Temple Gravel, in pro per.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Mrs. Louise Clair Temple Gravel filed this suit against her husband, Alfred C. Gravel, Jr., for separation from bed and board, for custody of the two children of the marriage, for child support and for alimony pendente lite. The trial judge granted the separation and awarded custody of the two minor children to plaintiff. In addition, he awarded plaintiff child support in the amount of $200.00 per month per child and alimony pendente lite to the wife in the amount of $150.00 per month. From this judgment, the defendant husband appeals.
The issues are: (1) Is LSA-C.C. article 148 unconstitutional as a denial of equal protection of the law to married men? (2) Where the mother is capable of gainful employment, must she seek such employment to fulfill her duty to support her children? (3) Is the wife entitled to alimony pendente lite where she is capable of gainful employment? (4) Are the awards for child support and alimony pendente lite so excessive as to constitute an abuse of the trial court's discretion?
Plaintiff and defendant were married on August 28, 1962. The two children born of the marriage are respectively 10 and 12 years of age. This suit was filed on March 11, 1975, and tried on April 11, 1975.

Constitutionality of Article 148
The first issue is whether LSA-C. C. Article 148, which provides for alimony pendente lite, denies to defendant equal *582 protection of the law under the Louisiana Constitution of 1974 and under the United States Constitution. This question was decided by our Supreme Court in the recent case of Williams v. Williams, 331 So.2d 438 (La.1976). There a majority of the court, with two justices dissenting and two concurring separately, stated ". . . (Civil Code) article 148 does not deprive males of equal protection or due process of law under the fourteenth amendment to the federal constitution, nor does it violate article 1, sections 2 and 3 of the Louisiana Constitution of 1974."

Must the Mother Work to Support the Children?
The next issue is whether the mother who is capable of gainful employment must seek such employment to fulfill her duty to support her children. LSA-C. C. Article 227 provides: "Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children." Jurisprudence construing this article has established the rule that both the means of the mother and her ability to earn must be considered in determining the amount of child support which she is obligated to bear. Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972); Zara v. Zara, 204 So.2d 76 (La.App. 4 Cir. 1967); Poydras v. Poydras, 155 So.2d 221 (La.App. 1 Cir. 1963).
In Ducote v. Ducote, 331 So.2d 133 (La.App. 3 Cir. 1976), we held that the mother, a licensed practical nurse, would be obligated to work to pay her share of the support of the children, were it not for the fact that it was necessary for her to remain at home to care for her three young daughters. We believe that where the mother is capable of gainful employment, she must work if necessary to fulfill her duty to support the children, unless she has good cause not to seek employment.
The facts in the instant suit are that Mrs. Gravel worked as a registered nurse before she married defendant. Shortly after the marriage, she terminated her employment. During the 12 years of the marriage, she worked for about one year as an instructor in a school of nursing. At the time she separated from defendant and at the time of the trial, she was enrolled as a full-time student in the graduate school of Northwestern State University, seeking a Masters Degree in Nursing Education. She is not presently employed. She expects to graduate in the spring of 1976, however, and after her graduation she plans to work and can probably earn a substantial salary in nursing education.
Applying the above rules to this case, we have concluded that Mrs. Gravel should not be required to seek employment at this time, since that would make it necessary for her to discontinue her graduate course. We believe that the fact that she is enrolled in school and expects to obtain a Masters Degree soon is sufficient reason to relieve her of the necessity of seeking employment now.
We also note that at the time of the trial plaintiff's daughter was 9 years of age and her son was 11. The relatively young ages of her children, their need for a mother's care and supervision in the home, and the other circumstances presented here, also would constitute sufficient grounds to relieve Mrs. Gravel from her obligation of obtaining employment and contributing to their support now.
We assume that the district judge took all of the above facts into consideration in deciding that plaintiff was not required to seek employment at this time. We find that he did not abuse his discretion in reaching that conclusion.

Denial of Alimony Pendente Lite Where Wife Capable of Working
The next issue is whether the wife should be denied alimony pendente lite on *583 the grounds that she is capable of earning sufficient income for her support.
We are aware of the jurisprudence which indicates that the husband cannot escape the payment of alimony pendente lite to his wife on the grounds that she is capable of earning sufficient income for her support during the pendency of the suit. See Abrams v. Rosenthal, 153 La. 459, 96 So. 32 (1923); Bilello v. Bilello, 240 La. 158, 121 So.2d 728 (1960); Small v. Small, 173 So.2d 854 (La.App. 4 Cir. 1965); Scott v. Scott, 174 So.2d 193 (La. App. 2 Cir. 1965); Street v. Street, 188 So.2d 164 (La.App. 2 Cir. 1966); McMath v. Masters, 198 So.2d 734 (La.App. 3 Cir. 1967); Cabral v. Cabral, 245 So.2d 718 (La.App. 4 Cir. 1971).
The above cases were decided before 1974. Article 1, Section 3, of the Louisiana Constitution of 1974 provides, in part, that "No law shall arbitrarily, capriciously or unreasonably discriminate against a person because of . . . sex . . . ." The Supreme Court has held that LSA-C. C. art. 148 does not violate that provision of our constitution. A question is presented, however, as to whether the rule applied in the above cases constitutes an unconstitutional application of the provisions of that article.
It is unnecessary for us to resolve that issue in the instant suit, because we have decided that Mrs. Gravel should not be required to quit school and obtain employment now, regardless of how the above legal question might be answered. The views we might express on that issue thus would be dicta. Assuming, but without deciding, that plaintiff ordinarily would be required to obtain some gainful employment and contribute to her own support, we think she would be relieved from that obligation at this time for the same reasons which we assigned in relieving her from the obligation of contributing to the support of her children.
Our conclusion is that Mrs. Gravel is entitled to alimony pendente lite and to child support, without any requirement at this time that she contribute to her own support or to the support of her children.

Are the Awards Excessive?
The next issue is whether the awards for child support and alimony pendente lite are too great. In the case of Trahan v. Adams, 264 So.2d 358 (La.App. 3 Cir. 1972) we stated: "Under Civil Code Article 231, child support payments are fixed on the basis of the ability of the father to pay and the needs of the child. . ." Trial courts are vested with considerable discretion in fixing the amounts which the parents should contribute for the support of their children, and the judgment of the trial court in these matters will not be disturbed unless there appears to be an abuse of that discretion. Wingo v. Cook, 306 So.2d 370 (La.App. 3 Cir. 1975); Broussard v. Broussard, 320 So.2d 236 (La.App. 3 Cir. 1975); Fakouri v. Perkins, 322 So.2d 401 (La.App. 3 Cir. 1975); Janise v. Janise, 328 So.2d 711 (La.App. 3 Cir. 1976).
Alimony pendente lite under LSA-C.C. Article 148 is awarded as a judicial enforcement of the husband's obligation to support the wife during the existence of the marriage. Small v. Small, supra; Sachse v. Sachse, 150 So.2d 772 (La.App. 1 Cir. 1963). The amount of alimony to which she is entitled will be proportioned to her needs and to the means of her husband. Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir. 1968); Smith v. Smith, 185 So.2d 830 (La.App. 2 Cir. 1966); but it should be sufficient to allow her to live as she had during marriage if the husband's means be sufficient to so provide. Johnson v. Johnson, 317 So.2d 691 (La.App. 2 Cir. 1975). Where the amount required by the wife under these standards exceeds the husband's ability to pay, alimony pendente lite should be fixed *584 in an amount which as far as possible is fair and just to all parties. Thomas v. Thomas, 281 So.2d 471 (La.App. 4 Cir. 1973).
In determining a proper award to be made to the wife as alimony pendente lite, all of the facts and particular circumstances of the case must be considered. The fixing of the amount to be paid for such support and maintenance is largely within the discretion of the trial judge and his conclusions ordinarily will not be interferred with on appeal unless there has been a clear abuse of discretion. McMath v. Masters, supra; Guilbeau v. Latour, 168 So.2d 422 (La.App. 3 Cir. 1964); Bernard v. Bernard, 300 So.2d 499 (La.App. 3 Cir. 1974); Chauvin v. Chauvin, 282 So.2d 869 (La.App. 3 Cir. 1973).
In the instant case the trial judge awarded $200.00 per month per child for a total of $400.00 per month in child support. Additionally, $150.00 per month was awarded to defendant as alimony pendente lite, for a total monthly payment of $550.00. Though the defendant introduced evidence that his income after taxes was only approximately $800.00 per month, the trial judge apparently did not believe this. After awarding the above sums he stated: "Now, this is not enough to compensate Mrs. Gravel for the needs of these children and herself, nor is it quite as much as Mr. Gravel perhaps can pay. . . ." (Emphasis supplied). We find an adequate evidentiary basis for this conclusion. In his reasons for judgment, the judge listed many of the monthly expenses for the household and observed that "(a)dding these figures together, the family had to have an income in excess of $1,045 a month prior to the time they separated." Based on the evidence in the record and considering the wide discretion accorded a trial judge in these matters and his unique posture to determine credibility, we conclude appellant has failed to show a manifest abuse of discretion in the awards complained of.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.
CULPEPPER, J., concurs and assigns written reasons.
CULPEPPER, Judge (concurring).
I concur in the majority opinion except that I do not think we should pretermit the legal issue of whether the wife should be denied alimony pendente lite on the grounds that she is capable of earning sufficient income for her support. This issue is separate from that of whether the mother must work to fulfill her duty to support the children and should be decided on different grounds.
Under the existing jurisprudence cited in the majority opinion, the wife cannot be denied alimony pendente lite on the basis that she is capable of working and earning sufficient income for her support. Although there may be some question about this jurisprudence in light of the new Louisiana Constitution of 1974, it is my view that we should follow these cases unless they are overruled by our Supreme Court.
For the reasons assigned, I respectfully concur.