337 So.2d 672 (1976)
Gertrude Josephine BEST, born Eulberg, Plaintiff and Appellee,
v.
George Andrew BEST, Defendant and Appellant.
No. 5632.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
McLeod & Dow by William L. McLeod, Jr., Lake Charles, for defendant and appellant.
Norman L. Williams, Lake Charles, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Defendant-appellant, George Andrew Best, appeals a judgment of the District Court which awarded his wife, Gertrude Josephine Best, plaintiff-appellee, a judicial separation based upon cruel treatment and which also condemned him to pay alimony pendente lite in the sum of $550.00 per month.
Appellant contends that the trial judge erred in the following particulars: (1) In finding that plaintiff proved her case as to cruelty by a preponderance of the evidence, when all of that evidence was contradicted *673 and uncorroborated; (2) In granting an award for alimony when there was no clear evidence as to the husband's income, and in spite of the fact that the wife had no adequate reason for terminating her employment and without considering her pending receipt of social security benefits.
Mr. and Mrs. Best were married on April 18, 1939, and two daughters were born of the marriage, both being majors as of the time of trial.

PROOF OF CRUELTY
Mrs. Best testified generally that over the years her husband was unreasonably lacking in providing food stuffs for the family and that he had struck her frequently, not caring where the blows were struck. She said that their daughter, Mrs. Peggy Delafort, who resided in New York, came to visit the litigants on January 6, 1976, and stayed at the family home. She stated that on or about January 12, 1976, she and her husband were shopping for food at a supermarket and an argument ensued concerning payment for the food. He berated her and she proceeded alone to another store to do the shopping. When they both returned home he called her a "damn fool" and struck her on her right shoulder. Mrs. Best had bursitis in that shoulder, and her husband was cognizant of that fact. She further testified that the blow aggravated the bursitis, and she suffered therefrom for several days, necessitating a cortisone injection. The day after the right shoulder episode her husband threw a cup of coffee at her.
Mrs. Best testified to physical abuses and cursings prior to the altercations in question, and stated that her husband had struck her on numerous occasions. At one time he knocked her down and "almost broke my back trying to choke me over the kitchen cabinet". Following the coffee throwing episode Mrs. Best testified that she became sad and depressed and even contemplated suicide. The next morning, with the encouragement of her daughter, Judy, she left the matrimonial domicile and subsequently filed these proceedings.
Mr. Best denied that he had ever struck his wife or otherwise abused her, or had thrown a cup of coffee at her. He also denied that he forced his wife to leave the matrimonial domicile but instead contends that his wife left, with his acquiescence, to go to New York with their daughter, Peggy, for a visit.
Another daughter of the litigants, Mrs. Judy Wells, testified generally that her father was always skimpy with her mother in providing food. On one occasion, in answer to her inquiry as to why there wasn't any food in the house, her father laughed and joked about it saying "there was some dog food in there".
Mrs. Peggy Delafort, who, as aforesaid, was visiting her parents' home, confirmed her mother's testimony with respect to the argument which took place in January, 1976, and said that her mother told her that her father had struck her. However, she did not witness the striking incident. Mrs. Delafort, at about that same time, went to Houston, Texas, to shop, and upon returning found her mother very depressed and seriously considering suicide because of Mr. Best's conduct. She encouraged her mother, in view of the circumstances, to leave her father.
The trial judge, in oral reasons which were dictated into the record, recognized the conflicting testimony between the parties, stating, "The question is who is the court going to believe?" He proceeded to review the testimony, and referred to the testimony of Peggy Delafort, concluding that there was corroboration of Mrs. Best's testimony to some extent. His conclusion in granting the separation to Mrs. Best on the grounds of cruelty makes it apparent that he believed her and disbelieved her husband. As was stated by our brethren of the Fourth Circuit in the case of Baggett v. Baggett, 311 So.2d 501 (La.App. 4th Cir. 1975):
"As occurs in the usual domestic relations case, the versions of particular incidents are contradictory. In such instance, as in our case, the resolution of fact questions is essentially a credibility *674 determination to be made by the trial judge. In granting a separation in favor of the wife, the trial judge necessarily gave more weight to the testimony of plaintiff than that of defendant. As the court said in McVay v. McVay, 276 So.2d 926 (La.App., 3d Cir. 1973):
'Trial judge's conclusions, inferred from the testimony of witnesses whose credibility he must determine, will be accorded substantial weight on review.'
From our consideration of the record in the instant case, we cannot say the trial judge erred in placing more reliance and credibility on the testimony of the wife. We are confronted with a credibility question and not a sufficiency of evidence question as claimed by defendant."
Considering the above cited language appropos to the facts herein, we find no manifest error in the trial judge's determination that Mrs. Best proved by a preponderance of the evidence that the defendant was guilty of cruelty of such a nature as to render their living together insupportable.

ALIMONY
The record is sufficiently clear to demonstrate that defendant's monthly income amounts to the sum of $1,935.00. He receives $790.00 per month under a retirement plan, $200.00 per month as a security guard, Social Security payments of $320.00 per month, stock dividends which proportion out to $180.00 per month, and income from interest which averages approximately $445.00 per month.[1] There are no mortgages or other type indebtednesses.
Mrs. Best itemized her needs as amounting to $701.00 per month. She is entitled to alimony pendente lite under the provisions of C.C.Article 148, and we find no error in her award therefor in the amount of $550.00 per month under the facts and figures in the record.
Although the record does not indicate Mrs. Best's age, judging from the date of her marriage and application for Social Security benefits as is shown hereafter, she has reached, or is nearing retirement age. Appellant suggested that appellee discontinued her employment without adequate reason and said action should have some bearing on the alimony award. Mrs. Best discontinued her employment as a surgical technician some three months prior to the trial of this matter, stating that the work was becoming too difficult for her and that she could not stay up eight hours a day and be on call during the night time. Regardless, a wife is not required to work and earn her own living during the pendency of a suit for a separation or divorce. Therefore, it is immaterial whether she had cause to terminate her employment. Bilello v. Bilello, 240 La. 158, 121 So.2d 728 (La.1960); St. Julien v. LeBlanc, 146 So.2d 296 (La.App. 3rd Cir. 1962); Cabral v. Cabral, 245 So.2d 718 (La.App. 4th Cir. 1971).
Mrs. Best testified that she had applied for Social Security benefits, but that she was not receiving same nor did she know when they would commence. Appellant contends that the trial judge erred in not considering the anticipated receipt of those benefits by his wife. The record reflects that Mrs. Best did not know if, and how much she would receive (although she thought the amount might be $110.00 per month), nor was she aware of when the benefits would be commenced. Under these facts the trial judge was correct in not considering this speculative eventuality in fixing alimony pendente lite.
Besides, should Mrs. Best begin receiving Social Security benefits, appellant would have the right to bring appropriate proceedings to determine whether the alimony pendente lite should be reduced. Kahn v. Kahn, 236 So.2d 654 (La.App. 2nd Cir. 1970).
For the above and foregoing reasons the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
*675 GUIDRY, Judge (concurring).
We need not rely in this case on the jurisprudence cited in the majority opinion to the effect that a husband cannot escape the payment of alimony pendente lite on the grounds that a wife is capable of earning sufficient income for her support. In my opinion, as set forth in Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1975), a serious issue is presented as to whether the rule announced in Bilello v. Bilello, supra, St. Julien v. LeBlanc, supra, and Cabral v. Cabral, supra, all of which were decided prior to the adoption of the 1974 constitution, constitutes an unconstitutional application of the provisions of LSA-R.C.C. Article 148. I would pretermit any discussion of this issue determining that under the particular factual circumstances of this case the plaintiff is entitled to alimony pendente lite, without any requirement that she seek employment and contribute to her own support.
For the reasons assigned, I respectfully concur.
NOTES
[1] Although the status of defendant's present income may be altered in the division of the community between the litigants, that matter is not before us at this time. Apparently the partitioning of the community of acquets and gains is now in progress.