372 So.2d 771 (1979)
Pauline Halder MOUTON
v.
Jonathan K. MOUTON.
No. 10279.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Montgomery, Barnett, Brown & Read, Sylvia Landry Holder, New Orleans, for plaintiff-appellant.
Leon C. Vial, III, Hahnville, for defendant-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
SAMUEL, Judge.
This is an appeal by the wife from a judgment denying her claim for alimony pendente lite for herself, and awarding her child support in the sum of $300 per month. The matter was heard in the trial court on two occasions by different trial judges. The rule for alimony was heard on July 27, 1978 and a motion for a new trial was heard on October 13, 1978.
The wife's only income is $600 per month which she receives from a full-time job.[1] She has custody of the two minor children of the marriage. At the time of trial the children were, respectively, 3 years and 6 months of age. She testified her necessary monthly expenses were:

Baby Sitter .................. $ 200.00
House Note .................... 120.00
Groceries and Cleaning ........ 250.00
Utilities ..................... 130.00
Diapers and Formula ........... 100.00

*772
Garbage Pickup ................ 5.00
Child's Corrective Shoes ...... 30.00
Wife's Clothing ............... 50.00
Miscellaneous ................. 100.00
Health Insurance and Doctor ... 75.00
Home Repair ................... 50.00
Car Upkeep .................... 120.00
 _________
 Total ....... $1,210.00.

She further testified there are yearly expenses of home insurance, other clothing, and taxes of $100.
Mrs. Mouton's testimony relative to expenses is confusing. She failed to explain what constitutes the monthly "Miscellaneous" item of $100, and it appears the monthly $50 "Home Repair" item most probably is not a recurring monthly expense. On the other hand, home insurance, other clothing and taxes most probably do exceed $100 per year. Otherwise, her expenses appear to be reasonable.
The record contains no evidence as to the expenses of the husband. Insofar as his "means" are concerned, his 1977 W-2 form, according to his testimony (the W-2 form was not introduced into evidence and the only evidence in the record relative to the husband's income is his cross examination based on that form and his income tax returns), indicated gross earnings of $23,978.24. He testified his 1977 net annual income was between $21,000 and $22,000, and that his 1978 income would be higher due to a March, 1978, 8.6% raise in salary. He also has $9,600 in a savings account, and owns stock valued at $123, a lot in Lumberton, Mississippi, and separate property consisting of a 15 acre farm in James, Louisiana.
In this court, appellant contends she is entitled to an award for alimony pendente lite and an increase in the award for child support.
Relative to appellant's first contention, Civil Code Article 148 provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148.
The procedure for arriving at such an award in Louisiana is based upon a consideration of the needs of the wife, balanced by the ability of the husband to pay.[2]
Where a separated wife is working and earning her own income, her husband must discharge his marital obligation to pay alimony pendente lite if such income is insufficient to maintain his wife in a style comparable to that which she enjoyed prior to the separation. While the wife is not required to obtain employment to support herself, if she chooses to earn her own living, or part of it, the alimony pendente lite which the husband otherwise would be required to pay is reduced to the extent of her earnings.[3]
Our examination of the wife's list of monthly and annual expenses for herself and the three children convinces us that the $600 she earns is sufficient for her own support. Accordingly, we agree with the trial court's conclusion that an award of alimony is not called for here. However, despite the fact that both awards are within the sound discretion of the trial court, we do agree with appellant's second contention, that the award for child support should be increased.
In the case of Lamothe v. Lamothe, La. App., 262 So.2d 87, this court said:
"It is now well settled that parents have the obligation of supporting and maintaining their children, and the amount awarded for this purpose must be commensurate with the needs of the child and the financial ability of the father to respond. LSA-C.C. arts. 227 and 231.

*773 This basic formula has been enlarged to provide that a child reared in an affluent standard of living must be maintained in the same circumstances if the father's income so permits. In other words, the minor must be afforded the same degree and standard of maintenance the child would enjoy if in the father's custody."
Here, the husband's income is sufficiently high for us to conclude the children were maintained in a reasonably affluent household. Based upon this consideration and the fact that his income is also sufficiently high as to afford our increase, we are of the opinion that the award of $300 for the support of both children is manifestly low and should be increased to the sum of $250 for each child, for a total award of child support in the sum of $500 per month, the amount requested by the wife.
For the reasons assigned, the judgment appealed from is amended so as to increase the award for child support to the sum of $500 per month. As thus amended, and in all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] The record does not disclose her occupation.
[2] Shepard v. Shepard, La.App., 334 So.2d 745; Bernard v. Bernard, La.App., 300 So.2d 499; Small v. Small, La.App., 173 So.2d 854.
[3] Ward v. Ward, La., 339 So.2d 839; Bilello v. Bilello, 240 La. 158, 121 So.2d 728; Abrams v. Rosenthal, 153 La. 459, 96 So. 32; Lachney v. Lachney, La.App., 291 So.2d 925.