BOUTALL, Judge.
A husband appeals from a judgment condemning him to pay the sum of $104.00 every two weeks to his wife as alimony pendente lite.
Mrs. Florine Wood Nelson filed a petition for separation from bed and board and asked for alimony pendente lite. The court ordered Mr. Nelson to pay alimony of $104.00 every two weeks.
The appellant contends the trial judge erred on three points. First, that L.C.C. Article 148 should have been held unconstitutional; Second, that the wife was not in necessitous circumstances; and third, that the amount awarded was excessive.
Appellant is raising the issue of unconstitutionality for the first time on this appeal. “It is well settled that ... a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized. As a corollary of this rule, a litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in the appellate court.” Johnson v. Welsh, 334 So.2d 395 (1976); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). Accordingly, we will not consider the constitutionality of this article on appeal.
Next, Mr. Nelson contends that his wife is not in necessitous circumstances, that she has a job and is earning a salary. He relies on Lachney v. Lachney, La.App. 4 Cir. 1974, 291 So.2d 925, which said that while a wife is not required to work during the pendency of her suit for separation or divorce, if she chooses to do so, she takes herself out of the provisions of L.C.C. Article 148. However, in the Lachney case the court found that the wife’s earnings from her job was more than her needs. In our present case, the trial court found that even though the wife worked, she did not earn enough money to cover her needs. In determining the amount of alimony pendente lite to be given we find that “. . .if she has not a sufficient income for her maintenance, the judge shall allow her a *CMLXIV sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband . . ” Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954); Smith v. Smith, 217 La. 646, 47 So.2d 32, 34 (1950). And if the wife chooses to earn her own living, or a part of it, alimony is reduced to the extent of her earnings. Ward v. Ward, La.1976, 339 So.2d 839; Bilello v. Bilello, 240 La. 158, 121 So.2d 728 (1960). The evidence supports a finding that the wife had not sufficient income for her maintenance.
The final point raised by the appellant is that the amount awarded was excessive. The main thrust of appellant’s argument is that the wife’s net income will be greater than his net income, therefore the amount of alimony pendente lite should be reduced. This argument is based upon the husband’s computations in determining net income and the expenses of him and his wife. The trial judge obviously did not agree with these computations. We note that these figures have been derived based upon the income tax return plus his statement of expenses. There are duplications in considering the expenses of the husband between those two documents. Some of the amounts are speculative and unproven, and some expenses appear to be inflated. For example, the husband claims a $1,500.00 debt to his sister which was unproven. He seems to deduct his car expenses more than one time. The amount awarded by the trial judge is high and perhaps more than we may have granted, but the trial judge has considerable discretion in the setting of the amount and we cannot say he has abused that discretion.
In her answer to this appeal, Mrs. Nelson asked that the trial judge’s award of alimony pendente lite be increased. Because of the above reasons, we deny her request for an increase.
We affirm the judgment appealed.

AFFIRMED.