CHIASSON, Judge.
Joseph N. Latino appeals the judgment of the trial court awarding his wife the custody of the four children of the marriage, alimony in the sum of $75 per week and support of the children in the sum of $140 per week.
*177 When Mrs. Latino left the community home, two of the children went with her and the two older boys, then ages 17 and 16, stayed with Mr. Latino. Appellant complains about the award of the custody of the two older boys to Mrs. Latino. One of the boys, Charles, is now 18 and he is therefore free to make his own choice. As to the other three children, the trial judge awarded custody to the wife upon his finding that it would be in the best interest and welfare of the children. La.C.C. art. 157. He also applied the rule that wherever possible the solidarity of the family unit should be maintained by keeping the children together and not separating them. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969).
The standard of review for appellate courts in child custody matters is that the trial judge’s determination is entitled to great weight and his findings will not be disturbed in the absence of a clear showing of error. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). We find the trial court did not commit error in awarding custody of the children to Mrs. Latino.
As to alimony, Mrs. Latino testified that she would need $350 a month to rent a home to live in with her four children if she were not given the use of the community home. The only other monthly expenses testified to as to her needs are $360 for food; $60 for gasoline; $30 for doctor and drug bills; $50 for clothing; and $100 for entertainment. This totals to $950 of monthly expenses for her and the four children. The other testimony she gave as to expenses was based on community debts which are being paid by Mr. Latino. Since her salary is $13,000 a year or roughly a little over $1,000 a month gross, she has not shown she is without sufficient income for her maintenance pending the suit for separation from bed and board. La.C.C. art. 148.[1] We find that the trial court was clearly wrong in awarding her alimony pen-dente lite and reverse that award.
As to child support, the only evidence in the record is that of Mrs. Latino which covers her support as well as the four children. Considering the ages of the children and the lack of any testimony or evidence to show any special circumstances, we are of the opinion that it is proper in this case to mathematically divide the following expenses by the number of persons included in the cálculation. These expenses are: Food—$360 per month; Doctors and prescriptions—$30 per month; Clothing—$50 per month; and Entertainment—$100 per month, for a total of $540 per month. $540 divided by five is equal to $108 per person per month.
It is necessary to add to this $108 an amount attributable for required housing. Mrs. Latino testified that she is presently renting for $100 a month. However, she further testified that the building which she is renting is for sale and is being temporarily rented to her only as a favor. A low estimate of the cost of a one bedroom apartment for the housing of Mrs. Latino alone is $190 a month. Mrs. Latino testified that to obtain the housing necessary for her and the children a rent of $350 would be required. Subtracting $190 from $350, we arrive at $160 as the amount required in excess of that needed by Mrs. Latino alone. This figure divided by 4 equals $40 attributable to each child.
Therefore, $40 when added to the prior itemized expenses of $108 results in $148 a month for the support of each child. The trial court’s judgment of approximately $600 per month is therefore amply supported by the evidence.
However, child support is only due for three children since the record affirmatively shows that Charles reached the age of majority in April of 1979.
For the reasons hereinbefore stated we divide $600 by four to arrive at $150 per month per child as the proper child support *178 award. The judgment of the trial court is amended from the sum of $140 per week to the sum of $104 per week.
For these reasons the judgment of the trial court is affirmed as to custody, reversed as to alimony and amended to the sum of $104 per week as to child support.
Costs of this appeal are divided equally between appellant and appellee.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.

. “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”