SAMUEL, Judge.
Plaintiff has appealed from a judgment condemning her husband to pay her $150 per month alimony pendente lite. The issue before us is the adequacy of the award as judged against the standards of Civil Code Article 148.
Defendant, Ralph L. Herrmann, who is an employee of South Central Bell Telephone Company, earned gross wages of $24,397 in 1979 (until December 1) including substantial overtime pay.
He itemized his monthly expenses as follows:
Mortgage Note $ 90.14
Insurance (Home). 24.00
Food 400,00
Utilities 59.12
Phone 15.00
Clothing 30.00
Cleaning 10.00
Doctor 10.00
Dentist 10.00
Medical Supplies 10.00
Automobile Note 300.00
Automobile Upkeep 20.00
Automobile Insurance 62.50 Gasoline • 80.00
Entertainment 25.00
Life Insurance 20.69
Household Items 20.00
A.A.A. 2.00
Haircuts 12.00
Union Dues 19.36
Charity 10.10
Paper 4.40
Personal Hygiene 20.00
S.S.P. (Company Savings Plan) 80.00
TOTAL $1,334.31.
His gross monthly income without overtime is $1,677, net $1,042.25. He has the following personal items deducted from his paycheck each month: $50 for a savings bond; $300 for payment on a car loan; and $80 for a company savings plan. The home he lives in is his separate property. He provides a Delta 88 for his wife and he drives a Dodge van. His automobile note of $300 per month should be paid off in seven months. Defendant testified that al *739 though he put in a lot of overtime in 1979, the company is not able to project overtime for next year.
Mrs. Herrmann testified her monthly income is $581, $175 of which is a disability pension from her former employer, and $406 from social security; and her monthly expenses are:
Rent $240.00
Insurance (Fire, Theft & Water Damage) 37.50
Food 300.00
Utilities 36.99
Phone 35.00
Clothes 150.00
Cleaning 40.00
Doctor 25.00
Dentist 5.00
Medical Supplies 24.00
Automobile Insurance 17.33 Automobile Upkeep 50.00
Gasoline 80.00
Entertainment 15.00
Beauty Shop 20.00
Hospital Auxiliary Dues 1.00
Newspaper 2.80
Legal Fees 45.90
Bowling 30.00
Moving 13.33
TOTAL $1,168.85.
She has a checking account of $280 and savings bonds with a cash value of $800. She lives in a two-bedroom apartment with her 20 year old son. He does not pay room and board, although he has a job. He buys groceries, vitamins and fills her car with gasoline occasionally. Her son earns about $250 per week. Her reason for maintaining a two-bedroom apartment is that her mother is 76 years old and if anything happens to her she will take her.
Plaintiff does not intend to ask her son for money until he is 21, and is willing to support him until that time. Her son will be 21 in a few months, at which time he will either move out or pay room and board.
The trial court awarded Mrs. Herrmann $150 per month, ordered the husband to maintain insurance coverage on his wife during the pendency of the proceedings and issued a writ of injunction prohibiting both parties from disposing of or encumbering any community property.
Civil Code Article 148 contemplates that the “sum for her support, proportioned to her needs and the means of her husband” shall be sufficient to maintain the wife in a style comparable to that which she enjoyed prior to the separation, as limited by her husband’s resources.
Appellant contends the alimony award was an abuse of discretion in view of her needs and her husband’s means.
While it is clear the husband has a greater income than his wife and apparently a larger amount of discretionary spending, it is also evident that he is not required to contribute to the support of an able-bodied 20 year old son of plaintiff by a former marriage whom she chooses to support in spite of the fact that he has a lucrative job and should contribute to his own support. We believe the trial judge may have been influenced by that consideration in arriving at the amount of the award.
We do not disagree with the above consideration. But, even accepting the same, we believe that under the provisions of Civil Code Article 148, the difference in the incomes of the two litigants (the husband’s at least in excess of $20,000 per year and the wife’s approximately $7,000 per year), together with their comparative expenses, requires that the husband pay alimony at the rate of $300 per month.
For the reasons assigned, the judgment appealed from is amended so as to increase the alimony award from $150 per month to $300 per month. As thus amended, and in all other respects, the judgment is affirmed.

AMENDED AND AFFIRMED.