KLIEBERT, Judge.
This is a devolutive appeal by the husband, Thomas Patrick Reed, Sr., from a judgment awarding his wife, Norma Bus-iere Reed, alimony pendente lite in the amount of $450.00 per month. For the reasons which follow, the judgment of the district court is set aside and the case remanded to the trial court.
The parties were married on May 18, 1975. Both parties had been previously married and divorced. No children were born of the marriage. On November 6, 1984 the wife filed a petition for separation praying for a separation and alimony pen-dente lite in the amount of $1,000.00 per month. Following a hearing on the rule for alimony pendente lite, the trial court rendered judgment ordering the husband to pay the wife $450.00 per month as alimony pendente lite.
The evidence shows the wife is an employee of J. Ray McDermott, Inc., with a gross income of $2,250.00 and a take home pay of $1,696.40 monthly. She testified to and submitted a list showing expenses of $3,900.00 per month were being incurred by her and her husband while they lived together. She failed to show her expenses after the separation.
The husband is a civil engineer employed by the Parish of St. Bernard with a gross salary of $2,750.00 per month and a net take home pay of $1,790.00 per month. He also received a total of $879.00 per month as principal and interest payments on separate real estate previously sold by him. Additionally, he performed part time private work at which he earned a gross of $1,240.00 for the 1984 calendar year, and a net of about $1,000.00 per year. He lists his and his 20 year old son’s expenses as $1,844.00 per month. He testified that his son, while currently on duty with the Louisiana National Guard, would continue to reside with him at the matrimonial domicile.
The trial court may allow alimony pen-dente lite when a spouse does not have sufficient income for her maintenance pending the outcome of the litigation. La. C.C. Article 148. It follows that the spouse is not entitled to alimony pendente lite if her income is sufficient for her support. Deffes v. Deffes, 422 So.2d 443 (4th Cir.1982); Mouton v. Mouton, 372 So.2d 771 (4th Cir.1979); Latino v. Latino, 378 So.2d 176 (1st Cir.1979). However, the court may allow alimony pendente lite if there is a gross disparity between the respective incomes of the spouses. Herrmann v. Herrmann, 400 So.2d 738 (4th Cir.1981).
Here the primary cause of the disparity in the monthly revenues of the litigants is the return of principal received by the husband from the credit sale of his separate real estate. Disparity in monies received does not equate to disparity in income; nor is disparity in income the sole consideration when setting the alimony pendente lite award under the standards of Civil Code Article 148. For example, although the disparity in income in the Deffes case and the Herrmann case was about the same, the court refused to grant alimony penden-te lite in the Deffes case but did condemn the husband to pay higher child support awards.
Since the wife in this case merely showed her expenses while living with her husband but failed to show her expenses after the separation or how her income did not meet her needs, the trial court erred, for to obtain alimony pendente lite under Civil Code Article 148, the requesting spouse must show he or she is in necessitous circumstances. Further, in our view the disparity in the income of the litigants shown here ($1,882.00 to the husband and $1,696.40 to the wife) was not sufficient to justify an alimony pendente lite award to the wife.
Were we to merely reverse the award made by the trial court and thus require the wife to reimburse the alimony pendente lite payments made to her pending the ap *323 peal, depending upon her needs, she might be placed into necessitous circumstances, at least for such time as it would take to amortize the alimony pendente lite payments she received pending the appeal. Accordingly, we set aside the judgment of the trial court and remand the case for an evidentiary hearing as to the wife’s needs and the husband’s income as of the time of the hearing and if need be the setting of an award for alimony pendente lite consistent with the views herein expressed. Each party to bear his own cost of the appeal.
SET ASIDE AND REMANDED.